NO. 07-05-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 16, 2006
_____

NICOLAS RIOS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-407525; HONORABLE CECIL G. PURYEAR, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

On January 10, 2005, appellant entered a plea of guilty, without a recommendation for punishment, to the offense of Driving While Intoxicated, Felony-3rd or more.  After the trial court heard the evidence on punishment, appellant was sentenced to prison for a term of 20 years.  Appellant originally gave notice of appeal on January 24, 2005.  On February 7, 2005, the trial court certified that the appellant had no right to appeal.  Subsequently, on February 9, 2005, appellant filed a motion for new trial and a hearing was held on March 25, 2005.  Appellant's motion for new trial was overruled by the trial court on the day of the

hearing and the trial court issued an amended certification of appellant's right to appeal limited to the denial of the motion for new trial. Appellant has perfected his appeal and both appellant and the State have filed their respective briefs.

Effective January 2003, the trial court is required to enter a certification of a defendant's right of appeal. TEX. R. APP. P. 25.2(a)(2).[1] Upon reviewing the record in this matter, it is apparent that the original certification denying the right of appellant to appeal was defective, as that term has been applied by the Court of Criminal Appeals. See Dears v. State, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005). The appellate court has the ability to examine a certification for defectiveness and apply Rules 37.1 and 34.5(c) to obtain another certification. Id.

Accordingly, we now abate this appeal and remand the cause to the trial court with directions to re-certify whether appellant has a right of appeal from the original plea. Notice shall be given to all parties and thereafter a determination of the right of appellant to appeal from the initial plea shall be made and an amended certificate shall issue according to form. The amended certificate shall be included in a supplemental clerk's record to be filed with the Clerk of this Court on or before March 14, 2006. Further, the court reporter shall prepare the record of the original plea and the same shall be due on or before March 14, 2006.

---

[1] All references to "Rule __" hereinafter made are to the Texas Rules of Appellate Procedure.

Additionally, when the trial court amends the certificate of appellate rights, it shall also execute an order granting appellant permission to review the record in preparation of a motion requesting additional time to amend or supplement his brief. TEX. R. APP. P. 38.7. The deadline for filing an amendment or supplement, without an additional motion requesting permission, shall be April 1, 2006.

It is so ordered.

Per Curiam

Do not publish.