NO. 07-06-0202-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 14, 2006

______________________________

MARK CARROLL DAVIS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 251
ST
 DISTRICT COURT OF RANDALL COUNTY;

NO. 16,772-C; HONORABLE PATRICK PIRTLE, JUDGE

_______________________________

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Mark Carroll Davis appeals from his conviction of delivery of a controlled substance.  The certification of appellant’s right to appeal executed by the trial court states appellant has no right of appeal because his conviction was the result of a plea bargain and appellant waived the right of appeal.  By letter dated May 16, 2006 this court informed appellant that Rule of Appellate Procedure 32.2 required him to file a docketing statement, giving him ten days to do so.  On May 22, we notified appellant that the certification filed by the trial court indicates he has no right to appeal, inviting a response to that certification by June 6, 2006.  No response to either letter has been received and the clerk’s record has not been filed.  

Rule of Appellate Procedure 25.2(d) requires dismissal of an appeal from a criminal conviction in the absence of a certification showing the defendant’s right of appeal.  Dismissal is not required if the certification is defective.  
Dears v. State
, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005).  Under the holding in 
Dears
, an appellate court is not required to wait until the clerk’s record is filed to determine if dismissal is required under Rule 25.2(d).  
Dears
, 154 S.W.3d at 614-15.  Having received no reply to either of our requests to appellant, nothing before the court indicates the trial court’s certification is defective.

Accordingly, the appeal is dismissed.

James T. Campbell

        Justice

Do not publish.