NO. 07-08-0040-CR
NO. 07-08-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 8, 2008

______________________________


JOSHUA MCCABE SUTTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 55,347-A & 55,348-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
          Pursuant to open pleas of guilty, Appellant, Joshua McCabe Sutton, was convicted
of delivery of a controlled substance. Punishment was assessed at eight years
confinement in each case. The Trial Court’s Certifications of Defendant’s Right of Appeal
have two options checked: (1) “[i]s a plea-bargain case, and the defendant has NO right
of appeal,” and (2) “[t]he defendant has waived the right of appeal.” Additionally, the
certifications include a handwritten notation that defendant “retains right of appeal on
punishment issues.” As prepared, the certifications in these cases are confusing and
defective. Nothing in Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure limits a
defendant’s right to appeal a case in which the defendant enters an open plea of guilty, i.e.,
without a recommendation on punishment, to punishment issues only. See Dears v. State,
154 S.W.3d 610, 613 (Tex.Crim.App. 2005).
          Consequently, we abate these appeals and remand the causes to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure proper Certifications of Defendant’s Right of Appeal in compliance with Rule
25.2(d).


 Once properly completed and executed, the certifications shall be included in a
supplemental clerk’s record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause
this supplemental clerk's record to be filed with the Clerk of this Court by May 19, 2008.
This order constitutes notice to all parties of the defective certification pursuant to Rule
37.1 of the Texas Rules of Appellate Procedure. If a supplemental clerk’s record
containing a proper certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
          Should the trial court certify that Appellant has the right of appeal, it should also
determine the following:
          1.      whether Appellant desires to prosecute the appeal; and
2.whether Appellant is indigent and entitled to appointed counsel.
 
Should it be determined that Appellant has the right of appeal and desires to continue the
appeal and the court determines that he is indigent and entitled to appointed counsel, the
name, address, telephone number, and state bar number of the newly-appointed counsel
shall be provided to the Clerk of this Court. In that situation, the trial court shall cause its
findings, conclusions, and orders, if any, to also be included in a supplemental clerk's
record. Finally, the trial court shall cause this supplemental clerk's record to be filed with
the Clerk of this Court by May 19, 2008.
          Pending before this Court is a motion for extension of time in which to file the clerk’s
record in which the clerk indicates that Appellant has not paid nor made arrangements to
pay for the record. The motion also indicates that Appellant is proceeding pro se. We
defer ruling on this motion pending receipt of the supplemental clerk’s record containing
the corrected certification of Appellant’s right to appeal.
          The reporter’s record was due to be filed by March 20, 2008. The Court sua sponte
suspends this deadline pending receipt of the supplemental clerk’s record containing the
corrected certifications of Appellant’s right to appeal.
          It is so ordered.
 
                                                                                      Per Curiam
 
Do not publish.