In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00075-CR


______________________________




JEFFREY TAD FLETCHER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 173rd Judicial District Court


Henderson County, Texas


Trial Court No. A-16,693




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Jeffrey Tad Fletcher filed a notice of appeal (1) March 16, 2009, stating that he "presents his
notice of appeal of the Court's rulings on pretrial motions." On our review of the clerk's record, we
noted that the certification of Fletcher's right of appeal states that this "is a plea-bargain case, and
the defendant has NO right of appeal." Further, the plea agreement states, "The Defendant now
understanding all rights in this connection, freely, and voluntarily waives and abandons his right to
appeal in this cause." 

 On April 22, 2009, we mailed a letter to appellant's counsel requesting that she show this
Court how we had jurisdiction over this appeal, and warning her that, if we did not receive an
adequate response within twenty days of the date of the letter, we would dismiss the appeal for want
of jurisdiction. It is now June 8, and no response has been received.

 Unless a certification showing that a defendant has the right of appeal is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). Because the trial court's certification
affirmatively shows Fletcher has no right of appeal, and because the record before us does not reflect
that the certification is incorrect, see Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005),
we must dismiss the appeal.

 We dismiss the appeal for want of jurisdiction. 



 Jack Carter

 Justice


Date Submitted: June 8, 2009

Date Decided: June 9, 2009


Do Not Publish

1. Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court
by the Texas Supreme Court pursuant to its docket equalization efforts. See Tex. Gov't Code Ann.
§ 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court
of Appeals and that of this Court on any relevant issue. See Tex. R. App. P. 41.3.