

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1530-08

**ROBERT LEE MENEFEE, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TWELFTH COURT OF APPEALS
## SMITH COUNTY

KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.

### DISSENTING OPINION

The certification of appeal says that this was not a plea-agreement case and appellant had a right to appeal. This certification is refuted by the record. Appellant expressly waived his right to appeal. Under our opinion in *Dears v. State*, the certification of appeal is therefore defective.[1] It is not clear whether a waiver of appeal or a defective certification results in a lack of appellate jurisdiction, or whether authorizing an appeal when there is a waiver or a defective certification is

---

[1] 154 S.W.3d 610, 614 (Tex. Crim. App. 2005).

a systemic error under *Marin*,[2] or whether the State has to complain at some point.  We have not written on the specific issue.  It does seem clear that if the discrepancy between the record and the certification had been raised early on, the court of appeals would have been, at the least, "obligated to review [the] record in ascertaining whether the certification [was] defective."[3]  It also seems that the court of appeals would have lacked authority to reverse the judgment until the matter was cleared up.[4]

We could remand this case to the court of appeals to address the issue of jurisdiction.  Or we could address it ourselves.  What we should not do is skip over the issue, because if the court of appeals did not have jurisdiction of the case, neither do we.

Rather than proceed under these circumstances, I would dismiss the petition as improvidently granted.

Filed: July 1, 2009
Publish

---

[2] *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993).

[3] Id. at 615.

[4] See TEX. R. APP. P. 44.4.