In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00080-CR

                                                ______________________________

 

 

                                   IRA JERMAINE BROWN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 23137

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            Ira
Jermaine Brown appeals his jury conviction of delivery of a controlled
substance (cocaine), in an amount of one gram or more, but less than four
grams.  See Tex. Health & Safety
Code Ann. § 481.112(c) (Vernon Supp. 2009).  

            In
our review of the trial court’s certification of Brown’s right of appeal, we
noted that the court checked both that this was a plea agreement case and that
Brown had no right of appeal, and that Brown had waived his right of
appeal.  

            Upon
further review of the clerk’s record in this case, we found that a jury had
convicted Brown of the offense of delivery of a controlled substance and that
after the guilty verdict had been reached by the jury, an agreement, referred
to as a “plea bargain,” but what is in actuality an agreement between Brown and
the State as to punishment was reached in which Brown pled guilty to the charge
in the indictment and agreed to a punishment of imprisonment for ten
years.  A “plea bargain” is defined as a
case “in which a defendant’s plea was guilty . . . .”  Tex.
R. App. P. 25.2(a)(2).  In this
case, Brown pled “not guilty” and was then convicted by a jury.  Logically, a plea bargain as to guilt cannot
be entered after a jury has convicted that defendant on his plea of “not
guilty.”  The agreed sentence of ten
years’ imprisonment was imposed by the trial court on March 10, 2010.  

            However,
as part of his sentencing agreement, Brown also waived his right of appeal, and
sentence was imposed in compliance with the agreement.  Unless a certification, showing that a
defendant has the right of appeal, is in the record, we must dismiss the
appeal.  See Tex. R. App. P.
25.2(d).  The trial court’s certification
affirmatively shows that Brown has waived his right of appeal, and the record
before us does not reflect that the certification is incorrect.  See
Dears v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  We must, therefore, dismiss the appeal.  

            We
dismiss the appeal for want of jurisdiction.

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May
10, 2010

Date Decided:             May
11, 2010

 

Do Not Publish