NO. 07-10-0115-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

FEBRUARY 2, 2011

_____

GAVINO DURON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY;

NO. C-1-CR-08-500442; HONORABLE ELISBETH EARLE, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

Following a plea of not guilty, Appellant, Gavino Duron, was convicted by a jury of assault. Punishment was assessed by the trial court at 250 days confinement in county jail. After the record and briefs were filed in this case, it came to this Court's attention that the *Trial Court's Certification of Defendant's Right of Appeal* contained in the clerk's record does not have any of the options marked. Consequently, the certification is defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005).

Therefore, we abate this appeal and remand the cause to the trial court for further proceedings.[1] Upon remand, the trial court shall utilize whatever means necessary to secure a proper *Trial Court's Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d).[2] Once properly completed and executed, the certification shall be included in a supplemental clerk's record. *See* Tex. R. App. P. 34.5(a)(12). The trial court shall cause the supplemental clerk's record to be filed with the Clerk of this Court within 30 days of the date of this order. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this cause will be referred to this Court for further action. *See* Tex. R. App. P. 25.2(d).

It is so ordered.

Per Curiam

Do not publish.

_____

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. Tex. Gov't Code Ann. § 73.001 (West 2005). Cognizant that Rule 41.3 of the Texas Rules of Appellate Procedure requires precedent of the transferor court to be applied, the transferee court is not expected to follow the transferor court's local rules or otherwise supplant its own local procedures with those of the transferor court. *See* Tex. R. App. P. 41.3 Notes and Comments.

[2] Because the certification of record already contains the defendant's signature acknowledging notification of his rights pursuant to Rule 25.2(d), the defendant's signature on the amended certification is not required.