# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-10-00681-CR

**Jimmy Duran Lopez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-10-0192, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On December 2, 2010, we dismissed this appeal for want of jurisdiction based on the trial court's certification that (1) this is a plea bargain case and appellant Jimmy Duran Lopez has no right of appeal, and (2) Lopez waived the right to appeal. *See* Tex. R. App. P. 25.2(a)(2), (d). Lopez has since filed a motion for rehearing, asserting that the trial court's certification is inaccurate because Lopez entered an open plea of guilt, rather than a plea bargain. The State then filed a response to the motion for rehearing, asserting that the trial court's certification was accurate to the extent it indicated that Lopez waived the right of appeal.

In his motion for rehearing, Lopez takes the position that this Court dismissed the appeal "prematurely" because the appellate record had not yet been filed. The court of criminal appeals has recognized that a court of appeals may dismiss an appeal based on a trial court's

certification before the record is filed. *See Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005). Lopez further contends that this Court should have given him an opportunity to "correct the error," citing *Dears*. 154 S.W.3d 610. However, the court of criminal appeals did not hold in *Dears* that courts of appeals are required to give an appellant the opportunity to remedy any inaccuracies in the trial court's certification before dismissing the appeal. Rather, the court observed that a trial court's certification may be examined by the court of appeals either before or after the appellate record is filed, and held that if the court of appeals "chooses to examine a certification after the record is filed," then it has a duty to "compare the certification to the record" and act to remedy any defects. *Id.* at 615. On the other hand, if a court of appeals "chooses to examine a certification before the record is filed," as this Court did in the present case, "it obviously cannot compare the certification to the record." *Id.* at 614-15.

However, it now appears that the trial court's certification was in error, at least to the extent that it indicated that Lopez lacked the right of appeal due to the existence of a plea-bargain. We note also that despite its certification that Lopez had no right to appeal, the trial court later appointed appellate counsel to represent Lopez. We therefore remand to allow the trial court to revisit its certification of Lopez's right to appeal. We grant the motion for rehearing, withdraw our opinion and judgment dated December 2, 2010, and abate this appeal to allow the trial court to recertify Lopez's right to appeal, so that any errors may be rectified. A supplemental record containing the trial court's certification of Lopez's right to appeal shall be forwarded to the Clerk of this Court no later than May 13, 2011.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Abated

Filed:   April 13, 2011

Do Not Publish