Dismissed and Memorandum Opinion filed May 17, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00293-CR

____________

 

ANGEL RICARDO SALINAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 208th District Court


Harris County, Texas

Trial Court Cause No. 1238021

 



 

MEMORANDUM
OPINION

Appellant entered a guilty plea to felony driving while
intoxicated.  In accordance with the terms of a plea bargain agreement with the
State, the trial court sentenced appellant on April 15, 2010,[1]
to confinement for seven years in the Institutional Division of the Texas
Department of Criminal Justice.  Appellant filed a pro se notice of appeal.  We
dismiss the appeal. 

In a plea bargain case—that is, a case in which a defendant’s
plea was guilty and the punishment did not exceed the punishment recommended by
the prosecutor and agreed to by the defendant—a defendant may appeal only:

(A)
those matters that were raised by written motion filed and ruled on before
trial, or

 

(B) after getting the trial court’s permission to appeal.

Tex. R. App.
P. 25.2(a)(2).  The trial court shall enter a certification of the defendant’s
right of appeal each time it enters a judgment of guilt or other appealable
order.  Id.  In this case, the trial court signed a certification, but
did not designate whether this was a plea bargain case or whether appellant had
the right to appeal.  

An appellate court that has an appellate record is “obligated to review
that record in ascertaining whether the certifications were defective.”  Dears
v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).  A certification is
defective if it is correct in form but, “when compared with the record before
the court, proves to be inaccurate.”  Id. at 614.  When the record is
incomplete, the appellate court should review “whatever record does exist that
indicates that an appellant has the right to appeal.”  Greenwell v. Court of
Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App.
2005).  

In this case, the certification is incomplete, but the record reflects
that appellant pleaded guilty and the punishment assessed did not exceed the
punishment recommended by the prosecutor.  The record contains no evidence that
matters were raised by written motion and ruled on before trial, or that the
trial court granted permission to appeal.

Accordingly, we dismiss the appeal.  

 

PER CURIAM

 

Panel consists of Justices
Frost, Jamison, and McCally.

Do Not Publish C Tex. R. App. P.
47.2(b)









[1] According to a letter
from the Harris County District Clerk’s office, notice of appeal was timely
given April 28, 2010, but the document was misfiled and not submitted to the
Criminal Appellate Section of the District Clerk’s office until April 1, 2011.