NO. 07-11-00408-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 22, 2012

ROBERT SMALL, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 272ND DISTRICT COURT OF BRAZOS COUNTY;

NO. 10-01875-CRF-272; HONORABLE TRAVIS B. BRYAN III, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Robert Small, Jr., appeals from a judgment convicting him of the offense of obstruction or retaliation,[1] and sentence of three years incarceration in the Texas Department of Criminal Justice, Institutional Division. Appellant filed his notice of appeal on September 9, 2011. Pursuant to the Texas Supreme Court's docket equalization efforts, this appeal, which was originally filed in the Tenth Court of Appeals, was transferred to this Court on October 11, 2011. See TEX. GOV'T CODE ANN. § 73.001 (West 2005). The reporter's record was filed with this Court on October 18, 2011, and

---

[1] See TEX. PEN. CODE ANN. § 36.06 (West 2011).

the clerk's record was filed with this Court on November 16, 2011. The clerk's record includes the trial court's certification of defendant's right of appeal which indicates that this is a plea bargain case and the defendant has no right of appeal, and that the defendant waived his right of appeal. This certification is in the proper form and is signed by appellant.

However, while the record supports that this case was both a plea bargain case and that appellant waived his right of appeal, the record also includes a written Motion to Withdraw Plea of Guilty that raised matters that were ruled on before trial and were not withdrawn or waived. Appellant has the right to appeal those matters addressed by this motion. See TEX. R. APP. P. 25.2(a)(2)(A); see also Dears v. State, 154 S.W.3d 610, 615 (Tex.Crim.App. 2005) (an appellate court that has an appellate record that includes a certification is obligated to review the record to ascertain whether the certification is defective). As a result of this apparent defect in the trial court's certification of defendant's right of appeal, this Court ordered the case abated and remanded the matter to the trial court with directions that the trial court "utilize whatever means necessary to secure a certification of defendant's right of appeal that complies with Rule 25.2(d)" of the Texas Rules of Appellate Procedure. See Small v. State, No. 07-11-00408-CR, 2011 Tex.App. LEXIS 9489, at *4-5 (Tex.App.—Amarillo Dec. 2, 2011) (order). The order further directed that the properly executed certification be included in a supplemental clerk's record that was to be filed with the Clerk of this Court on or before January 3, 2012. Id. at *5.

When no supplemental clerk's record containing a proper certification was filed by January 3, 2012, the Clerk of this Court called the district clerk on January 11 and again on January 26 to check on the status of the supplemental clerk's record. On both occasions, the Clerk of this Court was notified by the district clerk that no amended certification had been filed by the trial court. Consequently, a Justice of this Court personally called the Honorable Travis Bryan III, Presiding Judge of the 272nd District Court of Brazos County, to inquire regarding the amendment of the defective certification. However, as of this date, no supplemental clerk's record containing a properly executed certification showing defendant's right of appeal has been made part of the appellate record in this case.

Because the record in this appeal does not contain a certification that shows that appellant has a right of appeal, we must dismiss the appeal. See TEX. R. APP. P. 25.2(d). However, should appellant file a motion for rehearing that is supported by a certified copy of the trial court's certification of defendant's right of appeal showing that appellant has a right of appeal, this Court will grant said motion.

Consequently, the appeal is dismissed.

Mackey K. Hancock
Justice

Do not publish.