OPINION

KEASLER, J.,
delivered the opinion of the Court
in which MEYERS, PRICE, WOMACK, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.
Barbara Ann Dears entered open pleas of guilty but later bargained for a five-year sentence in exchange for her pleas of true to the State’s revocation motions. The trial judge certified that she had no right to appeal since there were plea bargains and the Court of Appeals dismissed the appeals. We conclude that these certifications are defective and these cases do not fall within the rule prohibiting appeal in plea bargains.
Procedural History
Dears was initially indicted for a theft occurring in March 1999. She entered an open plea of guilty. In May 1999 she was convicted, and the judge suspended imposition of sentence and placed her on community supervision for 10 years.
Several months later, Dears was indicted for possessing cocaine and heroin with the intent to deliver them. In December 1999 she entered open guilty pleas in both cases. The two possession cases inspired the State to move to revoke Dears’s probation in the theft case. Dears pleaded true to the probation violations.
In January 2000 all three cases were before the court for sentencing. In the theft case, Dears’s probation was revoked and she was sentenced to 10 years in prison, with release to shock probation for 10 years. In the cocaine case, the judge deferred adjudication of guilt and placed Dears on 10 years’ community supervision. And the judge convicted Dears in the heroin case but suspended the sentence, placing her on 10 years’ community supervision in that case as well. Dears went to *598 prison in the theft case but was released to shock probation in August 2000.
The State filed motions to revoke probation in all three cases in February 2002. In July 2003 Dears entered into an agreement with the State on these motions. She pleaded true to the allegations in the motions to revoke in exchange for a five-year sentence in each case.
In August 2003 the court revoked community supervision in the theft and heroin cases and entered a judgment adjudicating guilt in the cocaine case. Dears was sentenced to five years in each case, to run concurrently.
Dears filed notices of appeal and the judge entered certifications in each case reflecting that these were plea bargain cases and Dears had no right to appeal.
Court of Appeals
The notices of appeal and certifications were filed in the Court of Appeals on September 17, 2003, and Dears filed her docketing statements two days later. On October 13, the appellate court entered an order stating that “[t]he trial court’s certification of the right to appeal reflects these are plea bargain cases and [Dears] has no right to appeal” but the docketing statement “reflects there were no plea bargains in these cases.”[1] Because of this, the court said, it could not determine whether it had jurisdiction over the case. The Court of Appeals ordered the district clerk to provide, within 15 days, the judgments and plea papers in each case.[2]
The clerk responded by filing all three records on October 21. A week later, the Court of Appeals “dismissed the appeals for want of jurisdiction based on the trial court’s certifications.”[3] In a footnote, the Court of Appeals said:
These cases do not involve the situation in which appellant entered negotiated guilty pleas and is now being held to have no right to appeal. Although these cases do not fall squarely within the language of rule 25.2(a)(2) regarding plea bargains, we see no reason why appellant should not be bound by the plea agreement she entered for punishment at the time her community supervision was revoked in ... [cause number] and her guilt was adjudicated in ... [cause number].[4]
The court reporter’s record was subsequently filed on November 4, 2003.
We granted Dears’s petition for discretionary review which contends that the Court of Appeals erred in dismissing these appeals for want of jurisdiction.
Analysis

Jurisdiction

Jurisdiction concerns the power of a court to hear and determine a case.[5] Appellate jurisdiction is invoked by giving timely and proper notice of appeal.[6] Notice is sufficient if it shows the party’s desire to appeal and complies with Art. 44.01 of the Code of Criminal Procedure.[7]

*599
Certification of Right to Appeal

Effective January 2003 our rules of appellate procedure now require the trial judge to enter a certification of the defendant’s right to appeal.[8] If the appellate court determines that the certification is defective, the clerk must notify the parties so that the defect can be remedied.[9] If that action does not produce a valid certification, the appellate court may order the trial judge to provide one.[10] The court of appeals must dismiss an appeal if a certification showing that the defendant has the right to appeal is not made a part of the appellate record.[11] The rules do not define “defective,” but many of our courts of appeals have concluded that a certification is defective if it is contrary to the record.[12]
In plea bargain cases, Rule 25.2(a)(2) specifies the limits on the right to appeal and the trial judge’s duty to consider those limits in the certification. Specifically,
[i]n a plea bargain case — that is, a case in which defendant’s plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant — a defendant may appeal only:
(A) those matters that were raised by written motion filed and ruled on before trial, or
(B) after getting the trial court’s permission to appeal.[13]
This language incorporates former Rule 25.2(b)(3), transferring the specificity requirement from the defendant’s notice of appeal to the trial judge’s certification.

Application

The Court of Appeals acknowledged that these cases “do not involve the situation in which appellant entered negotiated guilty pleas and is now being held to have no right to appeal.”[14] But the appellate court concluded that, even though these cases do not “fall squarely within the language of rule 25.2(a)(2),” Dears should nevertheless “be bound by the plea agreement she entered for punishment at the time her community supervision was revoked.” [15]
The Court of Appeals misapplied Rule 25.2(a)(2). The rule refers only to plea bargains with regard to guilty pleas, not pleas of true on revocation motions. Regardless of whether a court feels that a defendant should be “bound” by an agreement on a plea of true, the plain language of Rule 25.2(a)(2) does not contemplate that situation. In this case, Dears entered open pleas of guilty in all three cases. Nothing in Rule 25.2(a)(2) limits her right to appeal.
Nevertheless, the Court of Appeals was required to dismiss the appeal unless it concluded that the trial court’s certification was defective. Therefore, we must *600 determine what constitutes a “defective” certification and whether this was one.
Webster defines “defective” as “wanting-in something essential.”[16] Black defines it as “lacking in legal sufficiency.” [17] Using this definition, there would be nothing “defective” about the trial court’s certification in this case — it “conforms to the form”[18] mandated by this Court and is not lacking anything essential.
Despite this, as mentioned, some of our lower appellate courts have concluded that “defective” means “contrary to the record.” [19] Their reasons are varied. Some courts rely on Appellate Rules 44.3 and 44.4.[20] Rule 44.3 prohibits courts of appeals from dismissing an appeal “for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities.” Additionally, Rule 44.4 prohibits dismissing an appeal if “the trial court’s erroneous action ... prevents the proper presentation of a case to the court of appeals” and the trial court can correct the action.' Another court of appeals[21] relies on the comment following Rule 25.2, which says that “[i]f a sufficient notice of appeal or certification is not filed after the appellate court deals with the defect (see Rules 34.5(c) and 37.1), preparation of an appellate record and representation by an appointed attorney may cease.”
We agree that Rules 44.3 and 44.4 weigh in favor of a definition of “defective” which is broader than “lacking something essential.” These rules reflect a strong interest in ensuring that a defendant’s right to appeal is not abridged due to “defects or irregularities” which can be corrected. And Rules 37.1 and 34.5(c) provide the framework for correcting defective certifications. To give meaning to Rules 44.3 and 44.4, a defective certification should include a certification which is correct in form but which, when compared with the record before the court, proves to be inaccurate. That way, a defendant such as Dears has her right to appeal preserved.
We also agree that the comment following Rule 25.2 provides some guidance. The comment says that “preparation of an appellate record and representation by an appointed attorney may cease” if a defective certification is not corrected. This indicates that the appellate court may deal with the certification issue before the record is completed. The use of the word “cease” implies that the record is in the process of being prepared but has not yet been completed. But this timeline would seem to frustrate a conclusion that an appellate court is required to compare a certification to the record to determine if it is defective. If an appellate court can resolve defective certifications before the record is filed, it cannot possibly compare the certification to the record to determine whether it is defective.
We conclude that an appellate court has the ability to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate. Neither of those rules provide any time limitation to their use. If the court chooses to examine a certification before the record is filed, it *601 obviously cannot compare the certification to the record. If the court chooses to examine a certification after the record is filed, it has the ability to compare the certification to the record and, in that instance, a duty to do so.
At the time of the appellate court’s ruling in this case, it had before it the clerk’s record, which reflected that Dears had a right to appeal. Therefore, the Court of Appeals was obligated to review that record in ascertaining whether the certifications were defective. The certifications state that these are plea bargain cases, but the record refutes this. Based on the record it had before it at the time of its ruling, the Court of Appeals should have concluded that these certifications were defective and acted accordingly.[22]
Judgment
The Court of Appeals erred in dismissing these appeals for want of jurisdiction. We reverse the judgment of the Court of Appeals and remand these cases to that court for proceedings consistent with this opinion.
KELLER, P.J., filed a dissenting opinion.
JOHNSON, J., concurred in the result.

. Dears v. State, Nos. 05-03-01391/2/3-CR, slip op. at 1, 2003 WL 22451057 (Tex.App.-Dallas, order delivered Oct. 13, 2003) (not designated for publication).

. Id. at 1-2.

. Dears v. State, Nos. 05-03-01391/2/3-CR, slip op. at 2, 2003 WL 22451057 (Tex.App.-Dallas, opinion delivered October 29, 2003) (not designated for publication).

. Id. at 2 n. 2.

. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim.App.1996).

. White v. State, 61 S.W.3d 424, 428 (Tex.Crim.App.2001).

. Rule 25.2(c). All references to rules are to the Texas Rules of Appellate Procedure.

. Rule 25.2(a)(2).

. Rule 37.1.

. Rule 34.5(c).

. Rule 25.2(d).

. Harris v. State, 137 S.W.3d 829, 830-31 (Tex.App.-Waco 2004, no pet.); Hargesheimer v. State, 126 S.W.3d 658, 659-60 (Tex.App.Amarillo 2004, pet. ref'd); Stowe v. State, 124 S.W.3d 228, 233 (Tex.App.-El Paso 2003, no pet.); Currier v. State, 114 S.W.3d 754, 755 (Tex.App.-Houston [1st Dist.] 2003, no pet.). See also Daniels v. State, 110 S.W.3d 174, 177 (Tex.App.-San Antonio 2003, no pet.); Teel v. State, 104 S.W.3d 266, 267 (Tex.App.-Beaumont 2003, no pet.).

. Rule 25.2(a)(2).

. Dears, Nos. 05-03-01391/2/3-CR, 2003 WL 22451057 (Tex.App.-Dallas, opinion delivered October 29, 2003), slip op. at 2.

. Id.

. Webster’s Third New International Dictionary 591 (1966).

. Black’s Law Dictionary 342 (7th ed.2000).

. See Daniels, 110 S.W.3d at 177.

. Id.; Harris, 137 S.W.3d at 830-31; Hargesheimer, 126 S.W.3d at 659-60; Stowe, 124 S.W.3d at 233; Currier, 114 S.W.3d at 755; Teel, 104 S.W.3d at 267.

. Harris, 137 S.W.3d at 830-31; Stowe, 124 S.W.3d at 233.

. Daniels, 110 S.W.3d at 177.

. See Rule 37.1; Rule 34.5(c)(2).