NO. 07-08-0040-CR
NO. 07-08-0041-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 8, 2008

______________________________


JOSHUA MCCABE SUTTON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE


_________________________________

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 55,347-A & 55,348-A; HONORABLE HAL MINER, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.
ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Pursuant to open pleas of guilty, Appellant, Joshua McCabe Sutton, was convicted
of delivery of a controlled substance. Punishment was assessed at eight years
confinement in each case. The Trial Courtâs Certifications of Defendantâs Right of Appeal
have two options checked: (1) â[i]s a plea-bargain case, and the defendant has NO right
of appeal,â and (2) â[t]he defendant has waived the right of appeal.â Additionally, the
certifications include a handwritten notation that defendant âretains right of appeal on
punishment issues.â As prepared, the certifications in these cases are confusing and
defective. Nothing in Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure limits a
defendantâs right to appeal a case in which the defendant enters an open plea of guilty, i.e.,
without a recommendation on punishment, to punishment issues only. SeeÂ Dears v. State,
154 S.W.3d 610, 613 (Tex.Crim.App. 2005).
Â Â Â Â Â Â Â Â Â Â Consequently, we abate these appeals and remand the causes to the trial court for
further proceedings. Upon remand, the trial court shall utilize whatever means necessary
to secure proper Certifications of Defendantâs Right of Appeal in compliance with Rule
25.2(d).


 Once properly completed and executed, the certifications shall be included in a
supplemental clerkâs record. See Tex. R. App. P. 34.5(c)(2). The trial court shall cause
this supplemental clerk's record to be filed with the Clerk of this Court by May 19, 2008.
This order constitutes notice to all parties of the defective certification pursuant to Rule
37.1 of the Texas Rules of Appellate Procedure. If a supplemental clerkâs record
containing a proper certification is not filed in accordance with this order, this matter will be
referred to the Court for dismissal. See Tex. R. App. P. 25.2(d). 
Â Â Â Â Â Â Â Â Â Â Should the trial court certify that Appellant has the right of appeal, it should also
determine the following:
Â Â Â Â Â Â Â Â Â Â 1. Â Â Â Â Â whether Appellant desires to prosecute the appeal; and
2.whether Appellant is indigent and entitled to appointed counsel.
Â 
Should it be determined that Appellant has the right of appeal and desires to continue the
appeal and the court determines that he is indigent and entitled to appointed counsel, the
name, address, telephone number, and state bar number of the newly-appointed counsel
shall be provided to the Clerk of this Court. In that situation, the trial court shall cause its
findings, conclusions, and orders, if any, to also be included in a supplemental clerk's
record. Finally, the trial court shall cause this supplemental clerk's record to be filed with
the Clerk of this Court by May 19, 2008.
Â Â Â Â Â Â Â Â Â Â Pending before this Court is a motion for extension of time in which to file the clerkâs
record in which the clerk indicates that Appellant has not paid nor made arrangements to
pay for the record. The motion also indicates that Appellant is proceeding pro se. We
defer ruling on this motion pending receipt of the supplemental clerkâs record containing
the corrected certification of Appellantâs right to appeal.
Â Â Â Â Â Â Â Â Â Â The reporterâs record was due to be filed by March 20, 2008. The Court sua sponte
suspends this deadline pending receipt of the supplemental clerkâs record containing the
corrected certifications of Appellantâs right to appeal.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 
Do not publish.



"false" Priority="65" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 1 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00249-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



JANUARY
31, 2011

Â 



Â 

NORMA LINDA CARDENAS, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

 FROM THE 46TH DISTRICT COURT OF WILBARGER
COUNTY;

Â 

NO. 11,298; HONORABLE DAN MIKE BIRD, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

ORDER OF ABATEMENT AND REMAND

Â Â Â Â Â Â Â Â Â Â Â  Appellant, Norma Linda Cardenas, filed a notice of appeal
from her conviction for murder and life sentence.Â  The Clerk of this Court received and filed
the trial court clerkÂs record on August 8, 2010.Â  The trial court reporterÂs record was
received on October 8.Â  AppellantÂs brief
was originally due on November 8.Â  By
letter dated November 16, this Court notified appellant that her brief was past
due.Â  On November 22, appellant filed her
motion for extension of time in which to file her brief.Â  The Court granted that motion, making
appellantÂs brief due December 8.Â  On
December 13, appellant filed her second motion for extension of time in which
to file her brief.Â  The Court granted
that motion as well, making the brief due January 7, 2011.Â  By letter dated January 14 and pursuant to
Texas Rule of Appellate Procedure 38.8, the Court notified appellant that her
brief was past due and that appellantÂs brief was now due in this Court on or
before January 24.Â  Further, the Court
alerted appellant that failure to abide by this deadline would result in the
appeal being abated and remanded without further notice.Â  As of the date of this order, appellant has failed
to file her brief or a motion for extension of time to file her brief.

Â Â Â Â Â Â Â Â Â Â Â  Accordingly,
we now abate this appeal and remand the cause to the trial court.Â  See Tex.
R. App. P. 38.8(b)(2).Â  Upon remand, the trial court is directed to
immediately cause notice to be given of and to conduct a hearing to determine:
(1) whether appellant desires to prosecute this appeal; (2) if appellant
desires to prosecute this appeal, whether appellant is indigent and whether
appellant desires that counsel be appointed to represent her on the appeal; and
(3) what orders, if any, should be entered to assure the filing of appropriate
notices and documentation to dismiss appellantÂs appeal if appellant does not
desire to prosecute this appeal or, if appellant desires to prosecute this
appeal, to assure that the appeal will be diligently pursued.Â  If the trial court appoints counsel for
appellant or if appellant retains counsel, the trial court should cause the Clerk
of this Court to be furnished the name, address, and State Bar of Texas
identification number of the newly-appointed or newly-retained attorney.Â  

Â Â Â Â Â Â Â Â Â Â Â  The
trial court is directed to (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerkÂs record; (3) cause the
hearing proceedings to be transcribed and included in a supplemental reporterÂs
record; (4) have a record of the proceedings made to the extent any of the
proceedings are not included in the supplemental clerkÂs record or the
supplemental reporterÂs record; and (5) cause the records of the proceedings to
be sent to this Court.Â  See Tex. R. App. P. 38.8(b)(3).Â  In the absence
of a request for extension of time from the trial court, the supplemental
clerkÂs record, supplemental reporterÂs record, and any additional proceeding
records, including any orders, findings, conclusions, and recommendations, are
to be sent so as to be received by the Clerk of this Court not later than March
2, 2011. Â Â  

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Per
Curiam

Â 

Do not publish.

Â 

Â Â Â Â Â Â Â Â Â Â Â  








Â