In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00202-CR


______________________________




STEVE RAY JACKSON, JR., Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court


Red River County, Texas


Trial Court No. 17552




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Steve Ray Jackson, Jr., has appealed from his conviction for driving while intoxicated (DWI),
a class A misdemeanor. (1) Because we conclude that Jackson has no right to appeal this
conviction--due to the fact that the trial court's judgment was based on a plea agreement--we
dismiss this appeal for want of jurisdiction.

 The trial court filed a certification that Jackson waived his right of appeal. The certification
recited that this is a plea bargain case and that Jackson has no right of appeal. Rule 25.2(a)(2) of the
Texas Rules of Appellate Procedure states, in pertinent part: 

 (2) . . . A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter a
certification of the defendant's right of appeal in every case in which it enters a
judgment of guilt or other appealable order.


Tex. R. App. P. 25.2(a)(2). If a certification showing that the appellant has the right of appeal is not
made a part of the appellate record, we must dismiss the case unless the record affirmatively
indicates that the appellant may have the right of appeal. Tex. R. App. P. 25.2(d); see Greenwell v.
Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645, 649 (Tex. Crim. App. 2005); Dears
v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). 

 Apparently conflicting with the above, the initial clerk's record also, however, contained
documents indicating that the plea was an open plea. The initial record also does not detail either
the existence or the nature of any plea agreement with the State. (2) 

 We abated the appeal to the trial court to make findings and to attempt to shed some light on
the anomalies. We have now received a supplemental clerk's record containing the trial court's
findings. 

 Jackson signed a document entitled "Waiver of Rights and a Plea of Guilty" containing
language acknowledging the right to counsel and stating that defendant has been advised of his rights
and warned about self-representation (3) and waiving his right to be represented by counsel. That
document also acknowledges, however, that, if the plea was not the result of a bargain, Jackson
would have the right to appeal and to be represented by counsel on appeal. It does not recite the
existence of a plea agreement or its terms. 

 There is also a document titled "Limited Waiver of Attorney," which indicates that Jackson
waived his right to counsel for the purpose of discussing a plea agreement with the State and that,
if he was able to reach an agreement, he asked to plead without representation by counsel. It goes
on to state that, if no agreement was reached, Jackson did not waive his right to counsel.

 So, the critical question for this appeal is whether there was a plea agreement. 

 The trial court explained in its post-abatement findings that, in Red River County, a plea
agreement is handled during an administrative hearing during which a proposed agreement is
tendered. A copy of the undated and unsigned county attorney's plea offer in this case appears not
to have been filed until after we abated it, but a copy is now also before this Court in the
supplemental record. It states that it is an offer, details proposed punishment, and states that Jackson
was to appear before the trial court June 16, 2009. The punishment assessed by the court is the
punishment specified by the offer.

 The waiver of right of appeal relied on by the trial court in this case is effective only if a plea
agreement exists and was followed by the court. We have examined the clerk's record to determine
whether the trial court's certification is defective. See Dears, 154 S.W.3d at 613. Based on the
record as it has now been supplemented, we find no such defect. It appears a plea agreement existed
and was followed by the trial court. Therefore, this Court lacks jurisdiction over this appeal.





 We dismiss the appeal for want of jurisdiction.



 Josh R. Morriss, III

 Chief Justice


Date Submitted: January 5, 2010 

Date Decided: January 6, 2010


Do Not Publish

 


1. The trial court assessed Jackson's punishment at one year, probated for two years, and
assessed a $1,200.00 fine.
2. Upon receiving the clerk's record, we observed a number of anomalies. Jackson appears
to be indigent, but was not represented by counsel at trial. We find nothing in the record to explain
how this occurred. The record did show that the State filed a motion to revoke Jackson's community
supervision and that, at a joint hearing on revocation and on his motion for new trial, Jackson was
represented by counsel, Don Cooksey. Between the time of the hearing and the filing of the notice
of appeal, Cooksey surrendered his law license, rendering Jackson again pro se.
3. The trial court states that it conducted an en masse admonishment session with Jackson and
"other defendants that had misdemeanor cases pending." The court recites that it admonished all
defendants of their rights and warned them of the dangers of self-representation.