NO. 07-10-0495-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 16, 2010

_____


HEATHER M. STEPHENS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-429,099; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**ABATEMENT AND REMAND**

According to the limited documents filed, Appellant was convicted of possession of methamphetamine in an amount of more than four but less than 200 grams, and punishment was assessed at five years confinement.[1] The *Trial Court's Certification of the Defendant's Right to Appeal* signed by the trial court and by Appellant has two boxes checked which contradict each other. The option "is not a plea-bargain case, and

---
[1]The appellate record is not yet due.

the Defendant has the right to appeal" and "is a plea-bargain case and the Defendant has NO right of appeal" are both selected. Thus, the certification is defective. *See Dears v. State*, 154 S.W.3d 610, 614 (Tex.Crim.App. 2005).

Consequently, we abate this appeal and remand this cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary to secure a proper *Trial Court's Certification of Defendant's Right of Appeal* in compliance with Rule 25.2(d). Once properly completed and executed, the certification shall be included in a supplemental clerk's record. *See* Tex. R. App. P. 34.5(a)(12). The trial court shall cause the clerk's record to be filed with the Clerk of this Court by January 17, 2011. This order constitutes notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the defective certification. If a supplemental clerk's record containing a proper certification is not filed in accordance with this order, this cause will be referred to the Court for dismissal. *See* Tex. R. App. P. 25.2(d).

Per Curiam

Do not publish.