NO. 07-10-0495-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

DECEMBER 16, 2010

 

______________________________

 

 

HEATHER M. STEPHENS, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2010-429,099; HONORABLE CECIL G. PURYEAR, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            According to the limited
documents filed, Appellant was convicted of possession of methamphetamine in an
amount of more than four but less than 200 grams, and punishment was assessed
at five years confinement.[1]  The Trial
Court's Certification of the Defendant's Right to Appeal signed by the
trial court and by Appellant has two boxes checked which contradict each
other.  The option "is not a
plea-bargain case, and the Defendant has the right to appeal" and "is
a plea-bargain case and the Defendant has NO right of appeal" are both
selected.  Thus, the certification is
defective.  See Dears v. State, 154 S.W.3d 610, 614
(Tex.Crim.App. 2005).

Consequently, we abate this appeal and remand this cause to
the trial court for further proceedings. 
Upon remand, the trial court shall utilize whatever means necessary to
secure a proper Trial Court's Certification of Defendant's Right of Appeal in
compliance with Rule 25.2(d).  Once
properly completed and executed, the certification shall be included in a
supplemental clerk's record.  See
Tex. R. App. P. 34.5(a)(12).  The trial court shall cause the clerk's
record to be filed with the Clerk of this Court by January 17, 2011.  This order constitutes notice to all parties,
pursuant to Rule 37.1 of the Texas Rules of Appellate Procedure, of the
defective certification.  If a supplemental
clerk's record containing a proper certification is not filed in accordance
with this order, this cause will be referred to the Court for dismissal.  See Tex. R. App. P. 25.2(d). 

                                                                        Per
Curiam

Do not publish.

 

 

                                                                                    

 

 











[1]The
appellate record is not yet due.