In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00211-CR

                                                ______________________________

 

 

                              BRIAN CHADWICK MARTIN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                           Hopkins County, Texas

                                                          Trial Court
No. 1122187

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION

 

            Brian
Chadwick Martin has filed a notice of appeal. 
We have now received the certification of Martin’s right of appeal as
required by Tex. R. App. P.
25.2.  That certification states that
Martin waived his right of appeal.

            Unless a
certification, showing that a defendant has the right of appeal, is in the
record, we must dismiss the appeal.  See Tex.
R. App. P. 25.2(d).  Because the
trial court’s certification affirmatively shows that Martin has waived his
right of appeal, and because the record before us does not reflect that the
certification is incorrect, see Dears v.
State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the
appeal.

            Martin has
also filed a motion to dismiss his appeal. 
The motion is signed by Martin and by his counsel in compliance with
Rule 42.2(a) of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 42.2(a).  As authorized by Rule 42.2, we grant the
motion.  See Tex. R. App. P. 42.2.

            We
dismiss the appeal.

 

 

                                                                                    Bailey
C. Moseley

                                                                                    Justice

 

Date Submitted:          January
4, 2012

Date Decided:        January 5, 2012

 

Do Not Publish

 

 






0;        Q        One last question. If Sheila Manning says that she gave you
the complete report that I've marked as Defendant's Exhibit No. 1, which is
the colored copied one. If she said she gave you that complete report and
that you signed, initialled it and gave it back to her, you have no reason to
disagree with that would you?

          A        I have no reason to disagree that she might have given it to me
and I initialled it, but I don't ever remember reading over it.

The failure of one party to read a contract, or any of the materials appertaining to it,
however, does not equate with a failure of the other party to disclose the information
contained within the four corners of that contract. Absent a showing Cendant
misrepresented the information disclosed in written form, Falconer was obligated to protect
himself by reading the contract. He cannot now be excused from the consequences of
failing to meet that obligation. See Gillis, 694 S.W.2d at 147; Amouri, 20 S.W.3d at 169.
Conclusion
          Reviewing the evidence in the light most favorable to Falconer, we conclude there
is no evidence showing Cendant failed to disclose any information in an attempt to
fraudulently induce Falconer to contract. On the contrary, the evidence conclusively
establishes Cendant disclosed all matters material to Falconer's claims. Because there
is no evidence to support the jury's findings, we reverse the trial court's judgment and
render judgment that Falconer take nothing.
 
                                                                           Josh R. Morriss, III
                                                                           Chief Justice

Date Submitted:      March 31, 2004
Date Decided:         May 4, 2004