**Dismissed and Memorandum Opinion filed July 10, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00527-CR

---

### STEPHEN ROBERT HOWARD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 338th District Court
Harris County, Texas
Trial Court Cause No. 1276201**

---

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to theft by check. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on March 9, 2011, to two years' deferred adjudication probation. On December 15, 2011, the State filed a motion to adjudicate appellant's guilt. Appellant entered a plea of true to the allegations in the State's motion to adjudicate. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant on March 2, 2012, to confinement for six months in the State Jail Division of the Texas Department of

Criminal Justice. Appellant filed a notice of appeal. We dismiss the appeal.

The trial court entered a certification of the defendant's right to appeal in which the court certified that the defendant waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal. *See* Tex. R. App. P. 25.2(d). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). In the stipulation of evidence signed by appellant in conjunction with his plea of true, appellant initialed the following statement:

> As part of my agreement with the prosecutor to plead true, I AGREE TO WAIVE any right to appeal I may have concerning any issue or claim in this case, including my plea or [sic] true or admission of guilt.

A defendant in any criminal action has a right to appeal. Tex. Code Crim. Proc. Ann. art. 44.02. A valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). Although negotiated waivers of the right to appeal are valid, non-negotiated waivers of the right to appeal are valid only if the defendant waived the right of appeal, knowing with certainty the punishment that would be assessed. *See id.* at 621. Because this is a plea bargain case, and the waiver was negotiated as part of a plea deal, the waiver of the defendant's right to appeal is valid. *Id.*

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Boyce, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).