

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00026-CR

RHONDA JEAN FARMER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 42604-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

## MEMORANDUM OPINION

Rhonda Jean Farmer was convicted by a Gregg County jury of theft of stolen property having a value greater than or equal to $1,500.00, but less than $20,000.00. After the jury returned its guilty verdict, Farmer and the State entered into a post-conviction negotiated plea agreement recommending a sentence of two years' incarceration in a state jail facility, suspended for a term of four years' community supervision. The trial court accepted the post-conviction negotiated plea agreement and sentenced Farmer in accordance with the terms of that agreement. As a part of her agreement with the State, Farmer waived, among other things, her right to file an appeal. Notwithstanding that waiver, Farmer filed a notice of appeal.

On our review of the clerk's record, we noted that the trial court certified that Farmer had waived her right of appeal. By letter dated May 16, 2014, we informed Farmer of this potential jurisdictional defect and afforded her ten days in which to respond. We received no response from Farmer to our May 16 correspondence.

Rule 25.2(d) of the Texas Rules of Appellate Procedure states that an "appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). Because the trial court's certification indicates that Farmer waived her right of appeal and because the record before us contains nothing to suggest that the certification is incorrect, *see Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

We dismiss the appeal for want of jurisdiction.


                                        Jack Carter
                                        Justice


Date Submitted:      June 4, 2014
Date Decided:        June 5, 2014

Do Not Publish