**Dismissed and Memorandum Opinion filed May 19, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00868-CR

**ASHLEY TRAN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 183rd District Court
Harris County, Texas
Trial Court Cause No. 1410050**

## M E M O R A N D U M   O P I N I O N

Appellant entered a guilty plea to intoxication manslaughter. In accordance with the terms of a plea bargain agreement with the State, the trial court sentenced appellant to confinement for 15 years in the Institutional Division of the Texas Department of Criminal Justice. We dismiss the appeal.

The trial court entered a certification of the defendant's right to appeal in which the court checked two boxes, certifying that this is not a plea-bargain case,

and the defendant has the right of appeal, and that this is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial, and not withdrawn or waived, and the defendant has the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the record on appeal, but is not supported by the record. *See* Tex. R. App. P. 25.2(d).

Upon direction of this court, the trial court held a hearing to clarify appellant's right to appeal. At the hearing, the trial court determined that appellant entered into a plea-bargain agreement with the State, and, has no right of appeal. The record supports the trial court's conclusion from the hearing. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Justices Christopher, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b)