COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        Joseph Daryl Mathis v. The State of Texas

Appellate case number:      01-14-00832-CR

Trial court case number:    1173963

Trial court:                183rd District Court of Harris County

Appellant, Joseph Daryl Mathis, was placed on a five-year term of deferred-adjudication community supervision after pleading guilty to the offense of aggravated assault of a public servant. During Mathis's term of supervision, the State moved for an adjudication of guilt, alleging several violations of the terms of supervision. Finding several allegations true, the trial court adjudicated Mathis's guilt and assessed punishment at seven years' confinement. The trial court's judgment, entered on September 12, 2014, states: "Furthermore, the following special findings or orders apply: Appeal Waived. No permission to appeal granted."

On October 3, 2014, Mathis timely filed a notice of appeal. On October 10, 2014, the trial court filed a signed certification of the defendant's right of appeal. The certification states that "defendant has the right of appeal."

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

We have reviewed the record to determine if the record supports the trial court's certification and, though we agree that Mathis has the right of appeal, it appears that the certification is contrary to the record. In particular, the certification is inconsistent with and unsupported by the trial court's final judgment.

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing within 20 days of the date of this order at which a representative of the Harris County District Attorney's Office and appellant's counsel, if any, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.[1]

We direct the trial court to resolve the inconsistency between the final judgment and the certification of appellant's right to appeal, to make any other findings and recommendations the trial court deems appropriate; and to enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations. *See* TEX. R. APP. P. 25.2(f).

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 25 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 25 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 25 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Rebeca Huddle
            ☑ Acting individually     ☐ Acting for the Court

Date: October 27, 2015

---

[1]     On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.