# NO. 12-16-00136-CR
# 12-16-00137-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEXSTELL MURPHY,* *APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Pursuant to a plea bargain, Appellant Dexstell Murphy pleaded guilty to two separate charges of burglary of a habitation, a first degree felony. As part of the plea bargain, the prosecutor recommended that Appellant be sentenced to imprisonment for forty-five years for each charge, with the sentences to run concurrently.

We have received the trial court's certification in each appeal stating that this "is a plea-bargain case, and the defendant has no right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal in each case. The clerk's record in each appeal, which includes the trial court's certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). Each clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by Appellant and does not indicate the trial court gave Appellant permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Nor does either clerk's record include any pretrial motions that were filed by Appellant and denied by the trial court. *See **id***.

Based on our review of the clerk's record in each appeal, the trial court's certification appears to accurately state that each is a plea bargain case and Appellant does not have the right

to appeal.[1]  *See **Dears v. State***, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record."  Tex. R. App. P. 25.2(d).  Accordingly, the appeals are *dismissed*.

Opinion delivered June 15, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1]  We also note that the plea papers signed in each case by Appellant and his counsel include a waiver of Appellant's right to appeal.

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 15, 2016

NO. 12-16-00136-CR

**DEXSTELL MURPHY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-1668-15)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JUNE 15, 2016

NO. 12-16-00137-CR

**DEXSTELL MURPHY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0169-16)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*