# NO. 12-17-00285-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARK SUGGS,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 392ND* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *HENDERSON COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Pursuant to a plea bargain, Mark Suggs pleaded "guilty" to driving while intoxicated (third offense). As part of the plea bargain, the prosecutor recommended that Appellant be sentenced to imprisonment for fifteen years.

We have received the trial court's certification stating that this "is a plea bargain case, and the defendant has no right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal. The clerk's record, which includes the trial court's certification and plea papers, has been filed.[1] *See* TEX. R. APP. P. 25.2(d). The clerk's record establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by Appellant and does not indicate that the trial court gave Appellant permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Nor does the clerk's record include any pretrial motions that were filed by Appellant and denied by the trial court. *See **id.***

Based on our review of the clerk's record, the trial court's certification appears to accurately state that this is a plea bargain case and Appellant does not have the right to appeal.[2]

---

[1] In the plea agreement, there is a notation that this is an "open plea." However, the judgment sets forth that there was a plea agreement and notes the State's recommendation of punishment and agreement to drop an enhancement allegation.

*See **Dears v. State***, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). Accordingly, the appeal is *dismissed*.

Opinion delivered January 3, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[2] We also note that the plea papers signed by Appellant and his counsel include a waiver of Appellant's right to appeal.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 3, 2018**

**NO. 12-17-00285-CR**

**MARK SUGGS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR16-0624-392)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*