

# Fourth Court of Appeals
## San Antonio, Texas

February 27, 2018

No. 04-18-00081-CR

Homer C. **TOMERLIN**, III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 16-1600-CR-C
Honorable Dwight E. Peschel, Judge Presiding

# O R D E R

Rule 25.2(a) requires the trial court to enter a certification of the defendant's right to appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a). In a plea-bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only those matters that were raised by written motion filed and ruled on before trial, or after getting the trial court's permission to appeal. *Id.* 25.2(a)(2).

In this case, the clerk's record has been filed. The clerk's record contains the trial court's certification of defendant's right of appeal which states that this "is a plea-bargain case, and the defendant has NO right of appeal." This court has a duty to determine whether the trial court's certification is defective in light of the record. *See Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).

Here, the clerk's record indicates that the appellant entered into a guilty plea without any recommendation as to punishment. The clerk's record contains a judgment showing appellant pled guilty to multiple counts of indecency with a child by contact and the trial court assessed punishment at twenty years' imprisonment. The clerk's record also contains a document titled "Plea Agreement," which states the appellant will plead guilty to the offenses of "Counts 7-18 Indecency with a Child"; the term of confinement is "Open"; and the State "waives/abandons Counts 1-6, 19-41" and "reserves the right to request the indictments (16-1600-CR-C & 16-1601-CR-C) be stacked and Defendant waives any objection to consecutive sentences." Thus, the

clerk's record appears to show this is not a plea bargain case under Rule 25.2 because the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See Dears*, 154 S.W.3d at 613 (recognizing that nothing in Rule 25.2(a)(2) limited the defendant's right to appeal when she entered "open pleas of guilty").

Based on the record before us, it appears that the trial court's certification is defective. We, therefore, abate this appeal and remand the case to the trial court either to (1) issue a new certification, or (2) hold a hearing and issue findings of fact and conclusions of law explaining whether (a) there was a plea agreement in this case; (b) whether that agreement, if any, affects appellant's ability to appeal his conviction or his sentence in this case; and (3) whether, if there was a plea agreement, the trial court granted appellant permission to appeal.

We, therefore, ORDER the trial court either to issue a new certification correcting the defect or to hold a hearing on or before **March 29, 2018**. We ORDER the trial court clerk to file a supplemental clerk's record containing a corrected certification or any findings of fact and conclusions of law on or before **April 13, 2018.** We further ORDER the court reporter to file the reporter's record of any hearing held in response to this order on or before **April 13, 2018.**

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of February, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court