

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00143-CR

ROBERT KITCHENS A/K/A ROBERT BAREFIELD
A/K/A ROBERT BARFIELD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 75,086-D-CR, Honorable David Gleason, Presiding

June 3, 2019

## ORDER OF ABATEMENT AND REMAND

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Robert Kitchens a/k/a Robert Barefield a/k/a Robert Barfield, appeals his conviction for possession of a controlled substance in an amount less than one gram,[1] enhanced, and sentence of twelve years' confinement. The trial court's certification of appellant's right of appeal reflects that this is a plea-bargain case with no right of appeal and that appellant has waived the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d).

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

However, the judgment indicates that appellant pled guilty to the offense pursuant to an open plea, not a plea bargain. The record also includes a plea memorandum containing a "Waiver of Appeal" signed by appellant. Although the waiver states that appellant agreed to waive his right of appeal "as a part of this plea bargain agreement," the plea memorandum indicates that there was "No Plea Agreement."

Because the certification appears defective, we abate the appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall conduct a hearing to determine whether appellant knowingly, voluntarily, and intelligently waived his right of appeal. *See Monreal v. State*, 99 S.W.3d 615, 621 (Tex. Crim. App. 2003). The trial court shall also prepare an amended certification of appellant's right of appeal consistent with the record and issue findings of fact and conclusions of law on these matters. *See* TEX. R. APP. P. 25.2(f); *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (requiring an appellate court to determine whether the trial court's certification comports to the record). The amended certification and the findings of fact and conclusions of law shall be included in a clerk's record to be filed with this court by July 3, 2019.

It is so ordered.

Per Curiam

Do not publish.

2