

# NUMBER 13-22-00345-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

JUSTIN HERNANDEZ, Appellant,

v.

THE STATE OF TEXAS, Appellee.

---

### On appeal from the 94th District Court
### of Nueces County, Texas.

---

# ORDER OF ABATEMENT

### Before Justices Longoria, Hinojosa, and Silva
### Order Per Curiam

This cause is before the Court on its own motion. Appellant Justin Hernandez is attempting to appeal a conviction in trial court cause number 20FC-0583C in the 94th District Court of Nueces County, Texas. The trial court's certification of the appellant's right to appeal indicates that appellant entered a plea bargain and does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). Accordingly, on July 26, 2022, we directed

appellant's counsel to review the record and determine, identify, and explain if appellant has a right to appeal. On August 26, 2022, appellant's counsel filed a response asserting that there is an error in the trial court's certification which requires correction.

Upon review of the response and the clerk's record, we have determined the trial court's certification of appellant's right of appeal is incorrect or otherwise defective. *See Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see also* TEX. R. APP. P. 34.5(c), 37.1. A defective certification includes a certification that is correct in form, but, when compared with the record before the court, proves to be inaccurate. *Dears*, 154 S.W.3d at 614.

Because the trial court's certification of defendant's right to appeal is defective, we abate and remand this case to the trial court. The trial court shall cause a hearing to be held to determine whether: (1) the trial court's certification of appealability is correct; and (2) the appellant has the right of appeal. We further direct the trial court to issue findings of fact and conclusions of law regarding these issues. The trial court's amended certification, if any, and any orders it enters shall be included in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record and supplemental reporter's record to be filed with the Clerk of this Court within thirty days of the date of this order.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
9th day of September, 2022.