COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Abel Vasquez v. The State of Texas

Appellate case number:   01-22-00326-CR

Trial court case number:  1671983

Trial court:              351st District Court of Harris County

Appellant pleaded guilty, without an agreed recommendation from the State regarding punishment, to the offense of indecency with a child by contact. The record contains a certification of the defendant's right to appeal providing that defendant has no right of appeal. However, the certification also contains a handwritten note, stating: "Waiver appeal plea only. Corrected on record 4/26/22."

The Rules of Appellate Procedure require us to dismiss an appeal unless a certification showing that the appellant has the right to appeal has been made part of the record. *See* TEX. R. APP. P. 25.2(a)(2). The rules also provide that an amended trial court's certification of the defendant's right to appeal correcting a defect or omission may be filed in the appellate court. *See* TEX. R. APP. P. 25.2(f), 34.5(c), 37.1. Further, when we have a record, we are obligated to review the record to ascertain whether the certification is defective and, if it is defective, we must use Rules 37.1 and 34.5(c) to obtain a correct certification. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c), 37.1.

Appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulation, and Judicial Confession," stating:

> I understand that I have not reached an agreement with the prosecutor as to punishment. However, in exchange for the State waiving their right to a jury trial, I intend to enter a plea of guilty without an agreed recommendation of punishment from the prosecutor and request that my punishment should be set by the Judge after a pre-sentence investigation report and hearing. I understand the state reserves the right to argue for full punishment at my sentencing hearing. I waive any further time to prepare for trial to which I or my attorney may be entitled. Further, in exchange for the state giving up their right to trial, I agree to waive any right of appeal which I may have.

Rule 25.2(a)(2) indicates that in a case in which the defendant voluntarily pleads guilty, the defendant may appeal only those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission. *See* TEX. R. APP. P. 25.2(a)(2). Although the trial court checked the box for waiver of the right to appeal, a handwritten note mentions waiver of "plea only." Therefore, the Court is unable to determine whether the trial court intended to conclude that appellant waived his right to appeal or that appellant waived his right to appeal the plea of guilty only.

Accordingly, we abate this appeal and remand the cause to the trial court for further proceedings. On remand, the trial court shall conduct a hearing **within 20 days of the date of this order** at which a representative of the Harris County District Attorney's Office shall be present. Appellant is not currently represented by counsel, but he shall also be present for the hearing in person, or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by use of a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound.

We direct the trial court to:

1) Make a finding regarding whether or not appellant has the right to appeal under Rule 25.2(a)(2)(A);
2) if necessary, execute an amended certification of appellant's right to appeal;
3) make any other findings and recommendations the trial court deems appropriate; and
4) enter written findings of fact, conclusions of law, and recommendations as appropriate, separate and apart from any docket sheet notations.

Appellant requested appointment of counsel at the time sentence was pronounced and no counsel was appointed. Therefore, if the trial court determines that appellant has a right of appeal, counsel shall be appointed, and this appointment shall be included in the record.

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court **within 35 days of the date of this order**. The court reporter is directed to file the reporter's record of the hearing **within 35 days of the date of this order**. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court **within 35 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when records that comply with our order are filed with the Clerk of this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: _____/s/ Richard Hightower_____
                    ☑ Acting individually     ☐ Acting for the Court

Date: <u>    February 14, 2023     </u>