

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00120-CR

**DARRELL DEWEESE MCCRAY, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 227th District Court
Bexar County, Texas[1]
Trial Court No. 2019CR4690, Honorable Christine Del Prado, Presiding

May 18, 2023

## ORDER OF ABATEMENT AND REMAND

Before PARKER and DOSS and YARBROUGH, JJ.

In 2020, Appellant, Darrell DeWeese McCray, was convicted of possession of a controlled substance and sentenced to three years' confinement, suspended in favor of community supervision.[2] Appellant now appeals from the trial court's judgment revoking his community supervision.

---

[1] Originally appealed to the Fourth Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

The trial court's certification of Appellant's right of appeal provides conflicting certifications. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005) (requiring appellate courts to determine whether a certification comports with the record). The document indicates that this "is not a plea-bargain case, and the defendant has the right of appeal," but also provides that this "is a plea-bargain case, and the defendant has NO right of appeal."

Because the certification of Appellant's right of appeal appears defective, we abate the appeal and remand the cause to the trial court to prepare an amended certification consistent with the record. *See* TEX. R. APP. P. 25.2(d), (f). The amended certification shall be included in a supplemental clerk's record filed with the Clerk of this Court by May 30, 2023.

It is so ordered.

Per Curiam

Do not publish.