

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00866-CR

Guillermo **GARIBALDO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR4384
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
             Irene Rios Justice
             Beth Watkins, Justice

Delivered and Filed: November 22, 2023

DISMISSED

On September 20, 2023, appellant Guillermo Garibaldo filed a "Notice of Appeal-Negotiated Plea." After Garibaldo filed his notice of appeal, the district clerk filed a copy of the clerk's record showing Garibaldo entered into a written plea bargain agreement with the State pursuant to which he pled nolo contendere to family violence assault by strangulation. The clerk's record further shows the trial court imposed a sentence in accordance with the agreement and signed a certification stating this "is a plea-bargain case, and the defendant has NO right of appeal" and "the defendant has waived the right to appeal." *See* TEX. R. APP. P. 25.2(a)(2).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* R. 25.2(d).

Here, the clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by Garibaldo. It also does not include a written motion filed and ruled upon before trial; nor does it indicate the trial court gave Garibaldo permission to appeal. Thus, the record supports the trial court's certification this is a plea-bargain case and Garibaldo does not have a right to appeal. *See id.* R. 25.2; *Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On October 2, 2023, we ordered Garibaldo to file a response establishing an amended certification showing he has the right to appeal has been made part of the appellate record. We cautioned Garibaldo failure to satisfactorily respond to this order within the time provided would result in the dismissal of this appeal. Garibaldo did not file a response by the ordered date. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish