

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-23-00432-CR

---

CRAIG REED, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 080013-E-CR, Honorable Douglas R. Woodburn, Presiding

---

February 12, 2024

## ORDER OF ABATEMENT AND REMAND

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Craig Reed, appeals his conviction for possession of a controlled substance[1] and sentence to twenty years of confinement. The trial court's certification of Appellant's right of appeal reflects that Appellant "has waived the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2), (d). The record, however, does not contain Appellant's written or oral waiver of the right of appeal. Further, despite the judgment indicating that

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

Appellant pled guilty pursuant to a plea bargain agreement, there is no written plea agreement in the record.

Now pending before the Court is Appellant's motion to remand the cause to the trial court for entry of a corrected trial court certification. The motion is unopposed by the State. Because the certification appears defective, we grant the motion, abate the appeal, and remand the cause to the trial court to prepare an amended certification of appellant's right of appeal consistent with the record. *See* TEX. R. APP. P. 25.2(f); *Dears v. State*, 154 S.W.3d 610, 613–14 (Tex. Crim. App. 2005) (requiring an appellate court to determine whether the trial court's certification comports to the record). The trial court shall utilize reasonable means to secure Appellant's signature on the amended certification. *See* TEX. R. APP. P. 25.2(d). The amended certification shall be included in a supplemental clerk's record filed with this Court by March 13, 2024.

It is so ordered.

Per Curiam

Do not publish.