TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-12-00052-CR

NO. 03-12-00053-CR

NO. 03-12-00054-CR






Reginald Timothy Prince, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT

NO. 68543, 68388, & 68387, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


PER CURIAM

 Reginald Prince is appealing his convictions for engaging in organized criminal
activity and two counts of burglary of a habitation. See Tex. Penal Code Ann. §§ 30.02, 71.02 (West
2011). Prince was sentenced by the trial court to eighteen years' confinement for each conviction,
with the sentences to run concurrently. Included in the appellate record are certifications from the
district court concerning Prince's right to appeal each of these convictions. These certifications state
that this not a plea-bargain case and that Prince has a right to appeal. However, these certifications
appear to be inconsistent with other portions of the appellate record.

 The record indicates that Prince entered into a plea bargain with the State in which
the State agreed to recommend that Prince's sentence for each conviction not exceed twenty years
and that the sentences should run concurrently. In exchange, Prince pleaded guilty to the three
charges. Therefore, the record indicates that Prince entered into a plea bargain, and thus he may
appeal only (1) "those matters that were raised by written motion filed and ruled on before trial" or
(2) "after getting the trial court's permission to appeal." (1) See Tex. R. App. P. 25.2(a)(2) (defining
"plea bargain case" as "case in which a defendant's plea was guilty or nolo contendere and the
punishment did not exceed the punishment recommended by the prosecutor and agreed to by the
defendant . . . ."); see also Wayne v. State, 756 S.W.2d 724, 728 (Tex. Crim. App. 1988) (explaining
elements of plea bargain).

 We are required to examine a certification for defectiveness--"correct in form
but which, when compared to the record before the court, proves to be inaccurate"--and to use
Rule 37.1 and 34.5(c) to obtain an accurate certification. Dears v. State, 154 S.W.3d 610, 614 (Tex.
Crim. App. 2005); see Tex. R. App. P. 34.5(c), 37.1. Given the apparent inconsistences between the
certifications and the record before us, we abate this appeal for fourteen days and instruct the district
court to prepare and send to this Court amended certifications that indicate whether this was in fact a
plea-bargain case and the extent of Prince's right to appeal, if any, from the judgments of conviction.
See Tex. R. App. P. 25.2(a)(2). A supplemental clerk's record containing the district court's amended
certifications shall be forwarded to the clerk of this court no later than August 29, 2012.


Before Justices Puryear, Pemberton, and Henson

Abated

Filed: August 15, 2012

Do Not Publish
1. In his brief, Prince's counsel acknowledges that this a plea-bargain case.