**Dismissed and Memorandum Opinion filed October 11, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00889-CR
### NO. 14-12-00890-CR

---

## EDWARD AGUILAR, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 338th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1233588 & 1245033**

---

## MEMORANDUM OPINION

Appellant entered separate pleas of guilty to kidnapping and aggravated assault. In accordance with the terms of plea bargain agreements with the State, on February 2, 2010, the trial court deferred a finding of guilt and placed appellant on community supervision for five years in each case and assessed a $500 fine in the kidnapping case. The State subsequently moved to adjudicate appellant's guilt in each case, alleging that

appellant had violated the terms of his community supervision. Appellant entered pleas of true to the allegations in the motions. As part of his pleas of true to the allegations in the motions and agreements with the State on the punishment to be imposed, appellant signed a written waiver of his right to appeal in each case. On July 5, 2012, the trial court found appellant guilty of both offenses and sentenced him to confinement for five years in the Institutional Division of the Texas Department of Criminal Justice in each case, with the sentences to be served concurrently, and assessed a $500 fine in the kidnapping case. Appellant filed a *pro se* notice of appeal in each case. We dismiss the appeals.

The trial court entered a certification of the defendant's right to appeal in each case in which the court certified that the defendant waived his right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certifications are included in the records on appeal. *See* Tex. R. App. P. 25.2(d). The records support the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

Accordingly, we dismiss the appeals.


PER CURIAM


Panel consists of Justices Frost, Christopher, and Jamison.
Do Not Publish — Tex. R. App. P. 47.2(b).