COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:    Shunta Yvonne Brown v. The State of Texas

Appellate case number:    01-12-01049-CR; 12-01050-CR

Trial court case number:    1206496; 1340301

Trial court:                263rd District Court of Harris County

While appellant was on community supervision in cause 1206496, a grand jury returned an indictment against her in cause 1340301, and, based on the allegations in the new indictment, the State filed a motion to adjudicate her guilt in cause 1206496. Appellant filed a motion to suppress in cause 1206496. The State filed a response to the motion in cause 1340301. The caption on the trial court's order denying the motion contains only cause number 1206496. After the trial court denied the motion to suppress, appellant pleaded guilty in cause 1240301 and true in cause 1206496, with the understanding of all parties and the trial court that she would be able to appeal from the order denying the motion to suppress in both causes. The trial court then signed findings of fact and conclusions of law in both cases, which state that the "Court reached its conclusion denying the motion to suppress after considering the brief of both parties without live testimony as the facts were undisputed by the parties." The trial court further executed certifications of appellant's right to appeal in each case, indicating that both cases involved plea-bargains, but that matters were raised by written motion and ruled on before trial, so that appellant has the right to appeal.[1]

Appellant has filed an unopposed motion to abate this appeal, to permit the trial court to clarify whether the motion to suppress was considered in, and whether the trial court's order applies to, both causes. Both parties agree that the motion to suppress was intended to be filed in both cases and that the appeal should be abated for clarification.

---

[1]    Because cause number 1206496 involved an adjudication of appellant's guilt after she was placed on community supervision, it could not involve a plea-bargain as that term is used in Texas Rule of Appellate Procedure 25.2, and the certification is defective. See Tex. R. App. P. 25.2(a)(2); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Nevertheless, the certification indicates that appellant has the right to appeal and we may therefore exercise jurisdiction over the appeal. *See* TEX. R. APP. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules.").

We grant the motion, abate the appeal, and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Stanley Schneider, shall be present. Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[2]

We direct the trial court to:

(1) make a finding on whether the trial court considered the motion solely in cause 1206496 or in both causes;
(2) make a finding on whether the trial court's order was rendered in or intended to apply to both cases or solely cause 1206496;
(3) make any other findings and recommendations the trial court deems appropriate; and
(4) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations

The trial court shall have a court reporter, or court recorder, record the hearing. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings, recommendations, and orders with this Court within 25 days of the date of this order. The court reporter is directed to file the reporter's record of the hearing within 25 days of the date of this order. If the hearing is conducted by video teleconference, a certified recording of the hearing shall also be filed in this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties.

It is so ORDERED.


Judge's signature: /s/ Harvey Brown
☑ Acting individually    ☐ Acting for the Court

Date: February 22, 2013

---

2    Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.