# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00565-CR

**Gibson Donald Lewis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 8 OF TRAVIS COUNTY
### NO. C-1-CR-09-211254
### HONORABLE CARLOS HUMBERTO BARRERA, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In August 2013, appellant pled guilty to misdemeanor driving while intoxicated and was sentenced to four days in jail and a ninety-day suspension of his driver's license. Before entering into the plea agreement, appellant filed two motions to suppress the evidence from the night of his arrest, both of which were denied. The record does not reflect that appellant waived or withdrew his complaints related to the suppression of the evidence. The trial court's certification of his right to appeal states that this "is a plea-bargain case, and the defendant has NO right of appeal," however, rather than that it "is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal."

In determining whether an appellant in a criminal case has the right to appeal, we examine the trial court's certification for defectiveness, defined as a certification that is "correct in

form but which, when compared to the record before the court, proves to be inaccurate." *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005). If the certification appears to be defective, we must obtain a correct certification. *Id.* at 614-15; *see also* Tex. R. App. P. 34.5(c), 37.1.

Based on this record, it appears that the trial court's certification, signed October 9, 2013, is incorrect. Therefore, we abate the appeal and remand the case to the trial court either to issue a new certification or to issue findings of fact and conclusions of law explaining how and when appellant waived the complaints that he raised in his written, pretrial motions. *See Dears*, 154 S.W.3d at 614-15; Tex. R. App. P. 37.1. The trial court clerk is instructed to forward to this Court a supplemental clerk's record containing the amended certification or the findings and conclusions no later than November 25, 2013.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Abated

Filed: October 29, 2013

Do Not Publish

2