**Dismissed and Memorandum Opinion filed September 18, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00466-CR

_____

## CJ EARL CROW, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 263rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1391563**

# M E M O R A N D U M   O P I N I O N

Appellant entered a plea of guilty to aggravated assault with a deadly weapon. Pursuant to an agreement with the State, on August 15, 2013, the trial deferred a finding of guilt and placed appellant on community supervision for two years. The State subsequently moved to adjudicate appellant's guilt, alleging appellant violated the terms of his community supervision. The record reflects that appellant entered a plea of true to the allegations in the motion. On April 24, 2014, the trial court adjudicated appellant's guilt and sentenced him to confinement for

four years in the Institutional Division of the Texas Department of Criminal Justice. Appellant filed a timely notice of appeal.

The record contains a waiver of the right of appeal signed by appellant. The trial court signed a certification of the defendant's right to appeal stating that appellant had waived the right of appeal. *See* Tex. R. App. P. 25.2(a)(2). The trial court's certification is included in the clerk's record on appeal, and the record supports the certification. *See* Tex. R. App. P. 25.2(d); *see also Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

On July 8, 2014, this court notified the parties of our intention to dismiss the appeal unless a response was filed demonstrating that appellant has the right to appeal. Appellant's appointed counsel requested additional time to respond after the complete record had been filed. On August 26, 2014, the official court reporter notified this court that no reporter's record was taken in this case. We notified appellant that his response to our dismissal notice was due on or before September 12, 2014. On September 12, 2014, appellant's appointed counsel responded that she had no further response to this court's dismissal notice and she would advise appellant about his other post-conviction options.

Accordingly, we dismiss the appeal.


PER CURIAM


Panel consists of Justices McCally, Brown, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).