**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:      Kaylen Dewayne Simmons v. The State of Texas

Appellate case number:   01-13-00930-CR

Trial court case number:  12-CR-2519

Trial court:                       212th District Court of Galveston County

Although the record reflects that the appellant has the right to appeal the denial of his motion to suppress, the trial court's certification indicates that appellant both has the right of appeal and has waived the right of appeal. The Rules of Appellate Procedure require that a certification from the trial court of the appellant's right to appeal be filed in every criminal case in which the trial court enters a judgment or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2); *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (appellate court has ability to examine a certification for defectiveness and obtain another certification whenever appropriate).

Accordingly, we abate this appeal and remove it from this Court's active docket so that a certification showing that appellant has the right to appeal may be executed.

We direct the trial court to conduct a hearing at which a representative of the Galveston County District Attorney's Office and appellant's counsel, Joseph Willie, shall be present. Appellant shall also be present for the hearing in person, or he may appear by closed video teleconference.[1]

At the hearing, the trial court shall complete a certification of the appellant's right to appeal. The certification must be signed by the trial court, appellant, and appellant's counsel. If appellant appears by video teleconference, appellant's signature on the certification may be obtained by mailing the certification to appellant following the hearing.

---

[1]      Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

A supplemental clerk's record containing the completed certification of appellant's right to appeal shall be filed with the Clerk of this Court **within 30 days of the date of this order.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of such date.**

It is so ORDERED.

Judge's signature: /s/ Rebeca Huddle

☑ Acting individually    ☐ Acting for the Court

Date: September 18, 2014