

# NUMBER 13-15-00136-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

## EX PARTE ROSA MARIA CRUCES

**On appeal from the 197th District Court
of Cameron County, Texas.**

# ORDER OF ABATEMENT

**Before Justices Rodriguez, Garza, and Longoria
Order Per Curiam**

On October 15, 2014, appellant Rosa Maria Cruces filed her application for writ of habeas corpus in trial court cause number 2010-CR-2257-C. Following an evidentiary hearing, the trial court denied Cruces's application. Cruces filed her notice of appeal from the denial of her application. The trial court's certification of the defendant's right to appeal, however, shows that this "is a plea bargain case, and the Defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

The Texas Rules of Appellate Procedure provide that we must dismiss an appeal if a certification showing that a defendant has a right of appeal is not made a part of the

record.  TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4.2.  Therefore, on April 15, 2015, we ordered Cruces's appellate counsel to review the record to determine whether Cruces has a right to appeal and to file a motion with this Court identifying and explaining reasons why Cruces has a right to appeal, if it is so determined.  *See* TEX. R. APP. P. 44.3, 44.4; *see also* TEX. R. APP. P. 10.1, 10.2.  On June 22, 2015, Cruces's appellate counsel responded to this Court's order filing a document titled "Certification of Right of Appeal."  The document identified substantive reasons for appeal.  It did not advise this Court as to whether Cruces has a right to appeal and/or advise this Court as to the existence of any amended certification.

On July 16, 2015, we ordered the State to file a response stating whether the trial court's certification of Cruces's right to appeal the denial of her application for writ of habeas corpus was correct.  On July 22, 2015, the State filed its response advising this Court that it "believes that the Appellant herein has the right to appeal from the trial court's order denying habeas corpus relief" and "respectfully suggests that the trial court may have erred in noting that Appellant did not have the right to appeal."  The State's response reflects its review of the record and applies applicable case law that supports its position.

In this case, the trial court placed Cruces on community supervision.  Claiming ineffective assistance of counsel, Cruces brought an application for writ of habeas corpus under article 11.072 of the code of criminal procedure, although her application referenced articles 11.01 and 11.05.  *See* TEX. CODE CRIM. PROC. ANN. art 11.072 (West, Westlaw through Ch. 46, 2015 R.S.).  The trial court denied Cruces's application, and Cruces filed her notice of appeal.

Section 8 of article 11.072 provides, in part, the following: "If the application is denied in whole or part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure." *Id.* at art. 11.072, § 8. Yet the certification of right to appeal that appears in the clerk's record before this Court indicates that Cruces has no right of appeal.

A defective certification includes a certification that is correct in form but, when compared with the record before the court, proves to be inaccurate. *Dears v. State*, 154 S.W.3d 610, 614–15 (Tex. Crim. App. 2005) (providing that an appellate court is obligated to review the record to determine whether the trial court's certification of appellant's right of appeal is defective and, if so, to obtain another certification from the trial court). Because of the ambiguity of the record before this Court and the certification, Cruces's substantive reasons for the appeal, and the State's response, we ABATE and REMAND this case to the trial court for re-certification of appellant's right of appeal. *See* TEX. R. APP. P. 34.5(c), 44.3, 44.4; *Dears*, 154 S.W.3d at 614.

On remand, the trial court shall immediately issue notice of a hearing and accordingly conduct a hearing addressing the foregoing matter. We further direct that, after conducting the hearing, the trial court re-certify whether appellant has the right of appeal. The trial court's amended certification and any orders it enters shall be included in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court within thirty days of the date of this order. Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline. Appellant's brief will be due thirty days after the supplemental clerk's record is filed.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
24th day of July, 2015.