

**NUMBER 13-16-00391-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**JORGE ANTONIO MARSHALL,**                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                    **Appellee.**

---

### On appeal from the 264th District Court
### of Bell County, Texas.

---

# O R D E R

### Before Chief Justice Valdez and Justices Garza and Longoria
### Order Per Curiam

Appellant Jorge Antonio Marshall, proceeding pro se, filed a notice of appeal with this Court from his conviction in trial court cause number 66630 in the 264th District Court of Bell County, Texas.[1]  The trial court's certification of the defendant's right to appeal

---

[1] This appeal was transferred to this Court from the Third Court of Appeals by order of the Texas

showed that the defendant has the right to appeal.  *See* TEX. R. APP. P. 25.2(a)(2). However, the clerk's record also contains a waiver of the right to appeal signed by the appellant and his counsel.

When the appellate record has been filed, we are obligated to review the record to determine whether the trial court's certification of appellant's right of appeal is defective and, if so, to obtain another certification from the trial court.  *Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c); 37.1.  A defective certification includes a certification that is correct in form, but, when compared with the record before the court, proves to be inaccurate.  *Dears*, 154 S.W.3d at 614.

Because of the ambiguity of the record and certification, we abate and remand this case to the trial court for re-certification of appellant's right of appeal.  *See* TEX. R. APP. P. 34.5(c), 44.3, 44.4; *Dears*, 154 S.W.3d at 614.  On remand, the trial court shall issue notice of a hearing and conduct a hearing addressing the foregoing matter.  We further direct that, after conducting the hearing, the trial court re-certify whether appellant has the right of appeal.  The trial court shall also address the timeliness of appellant's notice of appeal.

The trial court's amended certification, and any orders it enters shall be included in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court within thirty days of the date of this order.  Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

---

Supreme Court.  *See* TEX. GOV'T CODE ANN. § 22.220(a) (Wes, Westlaw through 2015 R.S.); TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
10th day of August, 2016.

3