

# Fourth Court of Appeals
## San Antonio, Texas

March 9, 2018

No. 04-18-00081-CR

Homer C. **TOMERLIN, III**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 16-1600-CR-C
The Honorable Dwight E. Peschel, Judge Presiding

## A M E N D E D   O R D E R

On February 28, 2018, the appellant filed a motion asking this court to clarify its February 27, 2018 order. We GRANT appellant's motion to clarify as follows.

We WITHDRAW our February 27, 2018 order and replace it with this amended order.

Under Rule 25.2(d) of the Texas Rules of Appellate Procedure, we must dismiss an appeal in a criminal case if a trial court certification showing that the defendant has the right to appeal is not made part of the appellate record. *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). In this case, the trial court's certification of defendant's right to appeal states that this "is a plea-bargain case, and the defendant has NO right of appeal." Therefore, we must dismiss this appeal unless the trial court files a new certification showing appellant has the right to appeal. *See* TEX. R. APP. P. 25.2(d).

A court of appeals has a duty to review the trial court's certification to determine if it is defective. *See Dears*, 154 S.W.3d at 614-15. A trial court's certification is defective if it is inaccurate when compared to the record before the appellate court. *See id.* at 614.

Rule 25.2(a) defines "a plea bargain case" as "a case in which the defendant's plea is guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant." TEX. R. APP. P. 25.2(a)(2). Thus, Rule 25.2(a)(2) does not limit a defendant's right to appeal when he enters an open plea of guilty, that is, without a recommendation as to punishment. *See Dears*, 154 S.W.3d at 613 (recognizing that nothing in

Rule 25.2(a)(2) limited the defendant's right to appeal when she entered "open pleas of guilty"); *Solis-Caseres v. State*, No. 09-13-00580-CR, 2015 WL 993476, at *8 (Tex. App.—Beaumont 2015, no pet.) (not designated for publication) (noting that because the defendant pled guilty under an open plea with no agreement as to punishment, the trial court's certification that the defendant had the right to appeal was supported by the record); *Sutton v. State*, Nos. 07-08-00040-CR & 07-0041-CR, 2008 WL 942535, at *1 (Tex. App.—Amarillo 2008, order) ("Nothing in Rule 25.2(a)(2)…limits a defendant's right to appeal a case in which the defendant enters an open plea of guilty, i.e., without recommendation on punishment….").

Here, the trial court's Rule 25.2(a)(2) certification stating that appellant has no right to appeal appears to be inaccurate when compared to the record before us. The clerk's record contains a document titled "Plea Agreement," which states the appellant will plead guilty to the offenses of "Counts 7-18 Indecency with a Child"; the term of confinement is "Open"; and the State "waives/abandons Counts 1-6, 19-41" and "reserves the right to request the indictments (16-1600-CR-C & 16-1601-CR-C) be stacked and Defendant waives any objection to consecutive sentences." The trial court's judgment shows that appellant pled guilty to multiple counts of indecency with a child by contact and punishment was assessed at twenty years' imprisonment. Therefore, the clerk's record indicates that appellant pled guilty without any recommendation as to punishment.

Because the clerk's record indicates that appellant pled guilty without a recommendation as to punishment, the record indicates that this is not a plea bargain case for purposes of Rule 25.2(a)(2). *See Dears*, 154 S.W.3d at 613; *Sutton*, 2008 WL 942535, at *1. Therefore, it appears that the trial court's Rule 25.2(a)(2) certification stating that this "is a plea-bargain case, and the defendant has NO right of appeal" is defective.

We, therefore, abate this appeal and remand this case to the trial court either to (1) issue a new certification, or (2) hold a hearing and issue findings of fact and conclusions of law explaining whether (a) there was a plea bargain, as defined by Rule 25.2(a)(2), in this case; (b) whether that plea bargain, if any, affects appellant's ability to appeal his conviction or his sentence in this case; and (3) whether, if there was a plea bargain, the trial court granted appellant permission to appeal.

**The sole purpose of this order is to address the accuracy of the trial court's certification under Rule 25.2(a)(2). This order does not require the trial court to hold a hearing or conduct any proceedings with regard to any matters previously filed in the trial court, including appellant's motion for new trial and offers of proof.**

We, ORDER the trial court either to issue a new certification correcting the defect or to hold a hearing on or before **April 9, 2018**. We ORDER the trial court clerk to file a supplemental clerk's record containing a corrected certification or any findings of fact and conclusions of law on or before **April 23, 2018**. We further ORDER the court reporter to file the reporter's record of any hearing held in response to this order on or before **April 23, 2018**.

_____
Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 9th day of March, 2018.



KEITH E. HOTTLE,
Clerk of Court