

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
|  | § |  |
| CHRISTOPHER NAPIER, | § | No. 08-18-00050-CR |
| Appellant, | § | Appeal from the |
| v. | § | 243rd District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| State. | § | (TC# 20170D04503) |
|  | § |  |

## **O R D E R**

In its certification of the defendant's right to appeal, the trial court indicated that "this is a plea bargain case, and the defendant has NO right of appeal." The Rules of Appellate Procedure require us to dismiss this appeal unless we find that the certification is defective. *See* TEX.R.APP.P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex.Crim.App. 2005). After reviewing the responses of the parties and the record, we conclude that the trial court did not follow the plea bargain between the parties and what began as a negotiated plea was converted to an open plea. As a result, the waiver of the right to appeal executed by Appellant is unenforceable. We conclude that the certification entered by the trial court is defective because it is not supported by the record.

Accordingly, we abate the appeal and remand the cause to the trial court to enter a new certification of the defendant's right to appeal. Given that Appellant has already been advised of

1

his rights to appeal and to file a petition for discretionary review, the trial court is not required to obtain Appellant's signature on the certification. The trial court shall file the new certification with the trial court clerk no later than July 24, 2018. The trial court clerk shall prepare and file a supplemental clerk's record containing the new certification of the defendant's right to appeal no later than August 3, 2018.

IT IS SO ORDERED this 9th day of July, 2018.

PER CURIAM

Before McClure, C.J., Rodriguez and Palafox, JJ.