

NUMBER 13-18-00321-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ORLANDO CAMPOS,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

On appeal from the 156th District Court
of Bee County, Texas.

# ORDER OF ABATEMENT

**Before Chief Justice Valdez and Justices Rodriguez and Benavides**
**Order Per Curiam**

Appellant, Orlando Campos appearing *pro se*, appeals the trial court's order dated May 29, 2018 denying his post-conviction motion for forensic DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.01-.05 (West, Westlaw through 2017 1st C.S.).

On October 12, 2016, appellant was convicted for possession of a controlled substance with intent to deliver, tampering with physical evidence, and unlawful possession of a firearm by felon. The trial court's certification of the defendant's right to appeal is dated October 12, 2016 and states that this "is not a plea-bargain case, and the defendant has the right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

The record does not contain a certification of defendant's right to appeal showing that appellant has the right to appeal denial of his DNA motion under Chapter 64. Texas Rule of Appellate Procedure 25.2(a)(2) requires the trial court to enter certification of defendant's right of appeal "each time it enters a judgment of guilt or other appealable order." *See id.* 25.2(a)(2).

Accordingly, this matter is ABATED and REMANDED to the trial court to prepare an amended certification of appellant's right of appeal consistent with the record. *See* TEX. R. APP. P. 25.2(f); *Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005). On remand, the trial court shall immediately issue notice of a hearing and accordingly conduct a hearing addressing the foregoing matter. We further direct that, after conducting the hearing, the trial court certify whether appellant has the right of appeal. The trial court's certification, and any orders it enters, shall be included in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court within thirty days of the date of this order. Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of July, 2018.