

# Fourth Court of Appeals
## San Antonio, Texas

January 14, 2019

No. 04-19-00017-CR

John Ray **THATCHER,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR0442
Honorable Jefferson Moore, Judge Presiding

# O R D E R

The trial court's certification in this appeal states this "is a plea-bargain case, and the defendant has NO right of appeal" and the appeal "is one in which the defendant has waived the right of appeal." The clerk's record contains a copy of the plea bargain entered into between the State and appellant. The record shows appellant pled nolo contendere to the offense of "evading arrest/detention w/VE." Pursuant to the terms of the written plea bargain, punishment was to be assessed at "5 years" and appellant would be assessed a fine of "$1,500." However, the trial court's judgment shows appellant was sentenced to a term of "7 YRS TDCJ-ID" and a $1,500.00 fine.

Rule 25.2(a)(2) provides that in a criminal case, the trial court shall enter a certification of the defendant's right to appeal. TEX. R. APP. P. 25.2(a)(2). The rule further provides that in a plea bargain case, which is specifically described as *"a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant,"* a defendant may appeal only matters raised by written motion and rule on before trial or after getting the trial court's permission to appeal. *Id.* Here, however, although, appellant pled nolo contendere pursuant to a plea agreement with the State, the punishment assessed by the trial court exceeds that recommended by the prosecutor and agreed to by appellant. Accordingly, the trial court's certification that appellant has no right to appeal in this case does not accurately reflect the record before us. *See* TEX. R. APP. P. 25.2(a)(2), (d); *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005).

Accordingly, we **ORDER** the trial court to prepare and file an amended trial court certification that accurately reflects the record, and the district clerk is instructed file a supplemental clerk's record containing the amended trial court certification in this court on or before **January 29, 2019**.  *See* Tex. R. App. P. 25.2(d), (f); 34.5(c); 37.1; *see Dears*, 154 S.W.3d at 614.  All other appellate deadlines are suspended pending resolution of the certification issue.

We **order** the clerk of this court to serve a copy of this order on the trial court, all counsel, the district clerk, and the court reporters

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of January, 2019.

_____
KEITH E. HOTTLE,
Clerk of Court