

**NUMBER 13-19-00010-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **JOE RAYMOND FLORES,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On Appeal from the 25th District Court
### of Gonzales County, Texas.

# O R D E R

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Order Per Curiam**

Appellant, Joe Raymond Flores, filed a notice of appeal with this Court from his conviction in trial court cause number 8-18-B. The trial court's certification of the defendant's right to appeal showed that the defendant does not have the right to appeal. *See* TEX. R. APP. P. 25.2(a)(2). The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if a certification showing that a defendant has a right of appeal

is not made a part of the record. TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4. Accordingly, this Court directed appellant's trial counsel to: 1) review the record; 2) determine whether appellant has a right to appeal; and 3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal and/or advise this Court as to the existence of any amended certification.

We have received and reviewed counsel's response, and we have further received and reviewed the reporter's record. Counsel argues that appellant has the right to appeal because the sentence imposed exceeded the cap on punishment stated in the plea agreement.

The reporter's record has been filed and we are obligated to review the record to determine whether the trial court's certification of appellant's right of appeal is defective and, if so, to obtain another certification from the trial court. *Dears v. State*, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005); *see* TEX. R. APP. P. 34.5(c); 37.1. A defective certification includes a certification that is correct in form, but, when compared with the record before the court, proves to be inaccurate. *Dears*, 154 S.W.3d at 614.

Because of the ambiguity of the record and certification, we abate and remand this case to the trial court for re-certification of appellant's right of appeal. *See* TEX. R. APP. P. 34.5(c), 44.3, 44.4; *Dears*, 154 S.W.3d at 614.

On remand, the trial court shall immediately issue notice of a hearing and accordingly conduct a hearing addressing the foregoing matter. We further direct that, after conducting the hearing, the trial court re-certify whether appellant has the right of appeal. The trial court's amended certification, and any orders it enters shall be included

2

in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court within thirty days of the date of this order.   Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
1st day of February, 2019.

3