# NOS. 12-19-00341-CR
# 12-19-00342-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KENYONE CALDWELL,*<br>*APPELLANT* | § | *APPEALS FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*
## *PER CURIAM*

Kenyone Caldwell pleaded "guilty" to (1) credit card/debit card abuse, for which he received imprisonment of six months in state jail, and (2) assault family violence, for which he received three years in prison. Appellant appealed. In both cases, the trial court's certification of Appellant's right to appeal states that these are plea-bargain cases and Appellant has no right of appeal. Each certification is signed by Appellant and his counsel. *See* TEX. R. APP. P. 25.2(d). The record also contains written waivers of the right to appeal signed by Appellant and his counsel. Appellant's counsel filed a memorandum of law regarding waiver of the right to appeal, in which he acknowledges that Appellant signed written waivers of appeal, the certifications reflect waiver, and the appeals must be dismissed. We agree.

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. *Id*. This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. Based on our review of the record in each appeal, the trial court's certifications appear to accurately state that Appellant does not have the right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate). This Court must dismiss an appeal "if a certification that shows

the defendant has the right of appeal has not been made part of the record." TEX. R. APP. P. 25.2(d). Because the trial court did not grant Appellant the right to appeal his convictions, we *dismiss* the appeals.

Opinion delivered November 27, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2019**

**NO. 12-19-00341-CR**

**KENYONE CALDWELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0192-19)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2019**

**NO. 12-19-00342-CR**

**KENYONE CALDWELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0193-19)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*