# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00170-CR

**Jeffery Allen Whitfield, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 27TH DISTRICT COURT OF BELL COUNTY
### NO. 63048, THE HONORABLE JOHN GAUNTT, JUDGE PRESIDING

## O R D E R  A N D  M E M O R A N D U M  O P I N I O N

**PER CURIAM**

Appellant Jeffery Allen Whitfield seeks appellate review of the trial court's order denying his pro se motion for post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. arts. 64.01-.05.

The appellate rules require the trial court to certify the defendant's right of appeal each time it enters a judgment of guilt or other appealable order. Tex. R. App. P. 25.2(a)(2). In this case, the trial-court certification states, in a hand-written notation, that "no order exists upon which an appeal may be predicated" and was signed by the trial court on April 6, 2020. Included with the trial-court certification is a copy of the trial court's "findings of fact and order denying [Whitfield's] post-conviction for DNA testing," signed by the trial court on February 2, 2021. Because an order denying a motion for post-conviction DNA testing is an appealable order, *see* Tex. Code Crim. Proc. art. 64.05, the certification does not accurately reflect appellant's

right of appeal and, as a result, is defective. *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005) (explaining that appellate court is required "to examine a certification for defectiveness and to use [Rules 37.1 and 34.5(c) of Rules of Appellate Procedure] to obtain another certification, whenever appropriate").

Accordingly, we abate this appeal and remand the cause to the trial court for entry of an amended certification that accurately reflects appellant's right of appeal in this Chapter 64 proceeding. *See* Tex. R. App. P. 37.1; *Dears*, 154 S.W.3d at 614. Once entered, the amended certification shall be included in a clerk's record and filed with this Court no later than May 28, 2021. *See* Tex. R. App. P. 35.3 (trial court clerk is responsible for preparing, certifying, and timely filing clerk's record).

It is so ordered on May 5, 2021.


Before Justices Goodwin, Triana, and Kelly

Abated and Remanded

Filed: May 5, 2021

Do Not Publish

2