

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-21-00071-CR

---

**LEZA MAUREEN LEWIS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 77,197-A-CR, Honorable Dan L. Schaap, Presiding

---

June 15, 2021

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Pursuant to a plea bargain agreement, appellant Leza Maureen Lewis, proceeding pro se, was convicted of possession of a controlled substance[1] and sentenced to two years' confinement, suspended in favor of community supervision. The trial court's certification of appellant's right of appeal properly reflects that this is a plea bargain case from which appellant has no right of appeal. *See Dears v. State*, 154 S.W.3d 610, 614-

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2017).

15 (Tex. Crim. App. 2005) (requiring appellate courts to ascertain whether the certification comports with the record). Notwithstanding the certification, appellant filed a notice of appeal challenging her conviction.

We are required by Rule of Appellate Procedure 25.2(d) to dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." By letter of May 13, 2021, we notified appellant of the consequences of the trial court's certification and directed her to file a response demonstrating grounds for continuing the appeal by May 24. Appellant has not filed a response to date.

We, therefore, dismiss the appeal based on the trial court's certification. *See* TEX. R. APP. P. 25.2(d).

Per Curiam

Do not publish.