

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00845-CR

Lawrence Ray **JACKSON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR4080B
Honorable Kevin M. O'Connell, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
               Irene Rios Justice
               Beth Watkins, Justice

Delivered and Filed: March 29, 2023

DISMISSED

Appellant Lawrence Ray Jackson entered into a plea bargain with the State, pursuant to which he pleaded nolo contendere to the charged offense. The trial court imposed a sentence on September 14, 2022 in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *See id.* 25.2(d). The clerk's record includes the written plea bargain agreement which includes a waiver of the right to appeal those matters that were raised by

written motion filed and ruled on before trial. The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* 25.2(a)(2). The record also appears to support the trial court's certification that Appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On January 6, 2023, we ordered appellant to file a response establishing an amended certification showing he has the right to appeal has been made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1. We advised appellant that if a supplemental clerk's record was required to show he has the right to appeal, he was required to request a supplemental record from the trial court clerk and file a copy of the request with this court. Finally, we admonished appellant that a failure to satisfactorily respond to this order within the time provided would result in the dismissal of this appeal.

On January 27, 2023, appellant moved for a twenty-day extension of time to file his response to this court's January 6, 2023 order. In his motion, appellant explained the trial court set a formal hearing date for February 13, 2023 to determine whether it should amend the certification. We granted that motion and ordered appellant to file a response no later than February 15, 2023. Thereafter, appellant filed a second motion for an extension of time, explaining the trial court continued the February 13, 2023 hearing to March 2, 2023. As a result, appellant requested an extension of time to March 3, 2023 to file his response. We granted the motion. On March 3, 2023, appellant requested an extension of time to March 10, 2023, explaining the trial court again continued the hearing date because "defendant at that time was still in transport to Bexar County from TDCJ." We granted the motion.

On March 12, 2023, Appellant's counsel filed an untimely response to our January 6, 2023 order stating the trial court denied the motion to amend the trial court's certification on March 10, 2023. He added his "[r]eview of the record reveals . . . [t]he [trial] court's ruling and certification stating that Appellant has no right of appeal therefore appears to be correct." He was therefore "compelled to concede that Appellant has no right of appeal."

Accordingly, we dismiss this appeal. *See id.* 25.2(d).

PER CURIAM

DO NOT PUBLISH