# NO. 12-24-00035-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***DERRICK DEWAYNE MARSHALL, APPELLANT*** | § | ***APPEAL FROM THE 7TH*** |
| ***V.*** | § | ***JUDICIAL DISTRICT COURT*** |
| ***THE STATE OF TEXAS, APPELLEE*** | § | ***SMITH COUNTY, TEXAS*** |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Derrick Dewayne Marshall pleaded "guilty" to evading arrest or detention with a vehicle. In accordance with the agreed punishment recommendation, the trial court sentenced Appellant to thirty years in prison. Appellant filed a pro se notice of appeal.

The clerk's record has been filed and the trial court's certification states that this is a plea bargain case, and the defendant has no right of appeal. The certification is signed by Appellant and his counsel. *See* TEX. R. APP. P. 25.2(d). Appellant also signed a waiver of appeal. The clerk's record does not otherwise indicate that the trial court gave Appellant permission to appeal.

When the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal. *Id*. This Court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. Based on our review of the record, the trial court's certification appears to accurately state that this is a

plea bargain case and Appellant has no right to appeal.[1]  *See **Dears v. State***, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review record to determine whether trial court's certification is accurate).  Because the trial court did not grant Appellant the right to appeal, we ***dismiss*** the appeal.  All pending motions are ***overruled as moot***.

Opinion delivered August 15, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Appellant was not declared indigent in the trial court and as of the date of this opinion, no reporter's record has been filed because, according to the court reporter, Appellant failed to make payment arrangements to obtain the reporter's record.  *See* TEX. R. APP. P. 37.3(c) (no reporter's record filed due to appellant's fault).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 15, 2024**

**NO. 12-24-00035-CR**

**DERRICK DEWAYNE MARSHALL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-0832-23)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J*