

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-26-00001-CR

---

**LEE ANTHONY HASKIN, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 154th District Court
Lamb County, Texas
Trial Court No. DCR-5987-20, Honorable William C. Sowder, Visiting Judge Presiding

February 10, 2025

## ORDER OF ABATEMENT AND REMAND

### Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Lee Anthony Haskin, appeals his conviction for evading arrest or detention with a vehicle[1] and sentence to forty years of confinement. The trial court's certification of Appellant's right of appeal reflects that this is a plea bargain case with no right of appeal and that Appellant has waived the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). The record, however, does not contain a written plea agreement or waiver

---

[1] *See* TEX. PENAL CODE § 38.04.

of appeal, nor does the judgment reflect that Appellant was convicted pursuant to a plea bargain agreement.

Because the certification appears defective, we abate the appeal and remand the cause to the trial court to prepare an amended certification of appellant's right of appeal consistent with the record.  *See* TEX. R. APP. P. 25.2(f); *Dears v. State*, 154 S.W.3d 610, 613-14 (Tex. Crim. App. 2005) (requiring an appellate court to determine whether the trial court's certification comports to the record).  The trial court shall utilize reasonable means to secure Appellant's signature on the amended certification.  *See* TEX. R. APP. P. 25.2(d). The amended certification shall be included in a supplemental clerk's record filed with this court by March 12, 2026.

It is so ordered.

Per Curiam

Do not publish.